## M. BECKER v. BERLIN BENEF. SOCIETY.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 20, 1891—Decided October 5, 1891.

Where a beneficial society, incorporated by decree of the Court of Common Pleas, under § 13, act of October 13, 1840, P. L. (1841) 5, has become liable for and paid weekly benefits to a member, at a rate fixed by its charter, it cannot subsequently, by an amendment to its by-laws, reduce the amounts of the benefits or take away the same entirely: St. Patrick's Benef. Soc. v. McVey, 92 Pa. 510, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 323 January Term 1891, Sup. Ct.; court below, No. 9 January Term 1890, C. P.

On November 2, 1889, an appeal was entered by the defendant from the judgment of a justice of the peace in favor of Michael Becker against the Berlin Beneficial Society. Issue.

At the trial, on November 11, 1890, it was shown that the defendant society was incorporated by a decree of the Court of Common Pleas of Adams county, on November 25, 1844, under the provisions of § 13, act of October 13, 1840, P. L. (1841) 5. The charter of incorporation, as certified and recorded, embraced a constitution and by-laws, one of the latter, relating to "benefits," providing as follows:

"A sick and disabled member, confined to his bed and requiring the attention of a nurse, shall receive three dollars and fifty cents per week; and, if his disease be of a less serious character, yet so as to incapacitate him from following and prosecuting his professional business, he shall receive two dollars and fifty cents per week; said weekly allowance to continue until a restoration to full health, or death, as the event may happen."

The plaintiff became a member of the society in 1855, and continued thereafter a member in good standing. Being disabled by sickness in 1887, he received benefits from the society

at the rate of two dollars and fifty cents per week, down to March 1, 1888, and from that date to March 1, 1889, at the rate of one dollar per week. After the last-mentioned date, he received nothing from the society, although, down to the date of bringing this suit, his condition of health was such as to incapacitate him from following and prosecuting his professional business. This suit was brought to recover the difference between the amount the plaintiff had received as a beneficiary, and the amount he claimed he was entitled to receive.

On January 6, 1888, the society had adopted an amendment to its by-laws providing as follows :

" That if any member shall be disabled by reason of old age, bodily infirmity, or casualty, he shall receive one dollar per week, during the continuance of such disability or affliction ; this resolution to have special bearing on members who have been continued drawers for six months or one year."

And on March 1, 1889, the following resolution was passed:

" That any member who shall have received weekly benefits during the continuance of one year, either for sickness, disability, old age, bodily infirmity, casualties, or mental derangement, shall be discontinued from benefits the following year, except for bed-fast sickness requiring the attention of a nurse ; in such cases he shall receive two dollars per week, during the continuance of such bed-fast sickness, and no longer."

These amendments to the by-laws were not presented to the Court of Common Pleas for approval as a part of the society's charter. Both the " constitution " and " by-laws," as embraced in the charter, contained provisions for amendments thereof, to be made upon the vote of two thirds of the members present at a regular meeting the next after being proposed.

At the close of the testimony, the defendant requested the court to charge :

2. The plaintiff as a member of the corporation defendant was bound by the amendments to its by-laws reducing the amounts of sick benefits, and was not entitled to receive any larger sum, after the date of the respective amendments, than was therein provided ; and if the jury find from the evidence that plaintiff, at the time he brought suit, had received all that was due him under said amendments, he cannot recover in this case.[2]

*Opinion of the Court.*

The court, LATIMER, P. J., refused the foregoing point, pro forma, and instructed the jury to find for the plaintiff, reserving the question of law "whether the defendant corporation had the power, under its charter and constitution, to adopt the amendments passed January 6, 1888, and March 1, 1889, and thereby bind the plaintiff."

The jury returned a verdict in favor of the plaintiff for $158.

A motion for judgment for the defendant, non obstante veredicto having been argued, the court, LATIMER, P. J., on January 12, 1891, filed an opinion, wherein, considering St. Patrick's Benef. Soc. v. McVey, 92 Pa. 510; MacDowell v. Ackley, 93 Pa. 277; St. Mary's Benef. Soc. v. Burford, 70 Pa. 321, it was ruled that ["these amendments were not binding on the plaintiff ; (*a*) because the method of their adoption was illegal; and (*b*) because, even by a lawfully adopted by-law, he could not be deprived of vested rights."] [11]

Judgment having been entered for the plaintiff on the verdict, the defendant took this appeal, specifying that the court erred, inter alia:

2. In refusing the defendant's point.[2]

11. In the portion of the opinion embraced in [ ] [11]

13. In entering judgment in favor of the plaintiff.

*Mr. B .W. Spangler* (with him *Mr. N. M. Wanner*), for the appellant.

Counsel cited: St. Patrick's Benef. Soc. v. McVey, 92 Pa. 513; Commonwealth v. Benef. Ass'n, 137 Pa. 419; § 1, act (curative) of May 11, 1874, P. L. 133; Commonwealth v. Railroad Co., 55 Pa. 452; Home of the Friendless v. Rouse, 8 Wall. 430; Union Imp. Co. v. Commonwealth, 69 Pa. 140; Torrey v. Baker, 1 Allen 120; Toram v. Benef. Ass'n, 4 Pa. 520.

*Mr. H. H. McClune* (with him *Mr. George B. Cole*), for the appellee.

PER CURIAM:

We think the learned judge below took the correct view of this case.

Briefly stated, it is as follows:

Some time after the defendant society became liable to the plaintiff for dues at the rate of two dollars and fifty cents per week, and after it had paid them for more than one year, it proceeded to amend its by-laws so as to reduce the amounts of benefits. This was certainly an easy mode of relieving the society from an obligation, and if successful, will doubtless be followed by other similar associations. The difficulty in the way of this convenient mode of paying debts is that it is repudiation pure and simple. The argument that the plaintiff, being a member of the society, is bound by the by-law, does not meet the difficulty. It may be a good by-law as to future cases, but at the time it was passed the plaintiff was something more than a member. He was a creditor whose rights had previously attached, and those rights cannot be swept away by such a scheme as this by-law.

Since the above was written, our attention has again been called to the case of St. Patrick's Benef. Soc. v. McVey, 92 Pa. 510. That case, however, does not conflict with this, for the reason that the resolution to suspend the weekly payment of benefits was passed before McVey became entitled to benefits as a sick member. He was a member of the society at the time, and bound by the resolution. There was no attempt to deprive him of benefits after the society became chargeable therefor.

Judgment affirmed.