Chambers, Appellant, *v.* Supreme Tent of the Knights of the Maccabees of the World.

*Beneficial associations—By-laws—Suicide.*

A by-law of a beneficial society providing that no benefits shall be paid on account of the death of a member from suicide within five years after admission, " whether the member taking his own life was sane or insane at the time," is valid and legal.

Where at a time a person became a member of a beneficial society the by-laws provided that benefits should not be paid on account of the death of a member from suicide within one year after admission, and subsequently the by-laws are changed so as to extend the limit to five years, and thereafter the member committed suicide, the amended by-law was binding upon the member and no benefits can be collected for his death.

Argued April 30, 1901.   Appeal, No. 142, Jan. T., 1901, by plaintiff, from judgment of C. P. Erie Co., Nov. T., 1899, No. 39, for plaintiff on case stated in case of Cora F. Chambers v. Supreme Tent of the Knights of the Maccabees of the World. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ.   Affirmed.

Case stated to determine liability for death benefits.

Walling, P. J., filed the following opinion :

In my opinion the plaintiff is entitled to recover the sum of $70.60 with interest from December 30, 1898, and no more. Plaintiff's husband, George F. Chambers, on whose life the beneficiary certificate in question was issued, joined the order April 24, 1894.   He committed suicide, while insane, on September 30, 1898.   The by-laws of the order in force at the time of his death provided that no benefit should be paid on account of death of a member from suicide within five years after admission "whether the member taking his own life was sane or insane at the time."   Such a provision is valid: Tritschler v. Benefit Association, 180 Pa. 205; Bigelow v. Berkshire Life Insurance Co., 93 U. S. 284; Travelers' Insurance Co. v. McConkey, 127 U. S. 661.   It is true that at the time he joined the order the provision in the by-laws as to suicide was only for one year and that more than a year after he became a member the by-laws were amended extending such provision for five years as above referred to.   It is also true the beneficiary certificate, on which this action is founded, and which formed his contract with the defendant, stipulates for the payment of the benefit in controversy to plaintiff " provided he (George F. Chambers) shall have in every particular complied with the laws of the order now in force, or that may hereafter be adopted." It was a part of his contract that he would comply with by-laws thereafter adopted.   That by-laws so made are valid, both as to the member and his beneficiary, in cases exactly like this, has been held by many courts of high authority.   See 3 Am. & Eng. Ency. of Law (2d ed.), p. 1065, Supreme Lodge Knights of Pythias v. La Malta, 95 Tenn. 157 ; s. c. 30 L. R. A. 838, Supreme Commandery Knights of Golden Rule v. Ainsworth, 71 Ala. 436; s. c. 46 Am. Rep. 332; Supreme Lodge Knights

of Pythias v. Kutscher, 179 Ill. 340; s. c. 70 Am. St. Rep. 115, Fullenwider v. Supreme Council of the Royal League, 180 Ill. 621. s. c. 72 Am. St. Rep. 239; and Pain v. Société St. Jean Baptist, 172 Mass. 319. The defendant is a beneficiary order and not an insurance company. No right became vested in the plaintiff by virtue of said certificate until the death of her husband. The defendant's obligation to pay the benefit was conditioned upon the member's compliance with the laws of the order then in force or that might thereafter be adopted. This case is very different from Hale v. Equitable Aid Union, 168 Pa. 377. In that case the certificate of membership stipulated that at the expiration of twelve years the member, if living and in good standing, should receive one half of the amount of his certificate, and while there the right to amend the by-laws was reserved to the order, it was held that such specific agreement to pay a certain amount at a certain time was not necessarily a part of the constitution and by-laws and that such contract could not be nullified by a change of the by-laws. And besides as I understand that case, the by-laws in question were not changed until after plaintiff's rights had become vested. In the case at bar had said George F. Chambers died before the amendment to the by-laws, a different case would be presented. Then the case of Becker v. Berlin Beneficial Society, 144 Pa. 232, would be in point. For it is there held that where a society has become liable to a member for sick benefits it cannot avoid such liability by a subsequent amendment of its by-laws. But it is there stated that had such amendment been made before the member was taken sick he would have been bound by it. And said last named case reaffirms the case of St. Patrick's Male Beneficial Society v. McVey, 92 Pa. 510, where it is held that "a member of an incorporated beneficial society does not stand in the relation of a creditor to the society, and can claim only such benefits as are prescribed by the by-laws existing at the time he applies for relief." At the time of the amendment of the by-laws in the present case the member, George F. Chambers, was living and of sound mind. The amendment referred to the personal conduct of the members. It was such in my opinion as the order had power to make under the right of amendment reserved in the certificate in question. On January 19, 1901, Judge LANDIS, of Lancaster county, handed down

an opinion in the case of Reynolds v. Supreme Conclave, Improved Order Heptasophs, which sustains our position in this case.

The assessments paid by Mr. Chambers on the certificate amount to $70.60, which amount under the said amended by-laws should be paid to the beneficiary with interest from ninety days after his death, to wit: from December 30, 1898, which interest to date amounts to $9.47, making whole amount $80.07.

On March 6, 1901, Judge STOWE, of Pittsburg, filed an opinion in case of Firley v. Supreme Conclave Improved Heptasophs, which is also an authority in support of our position in this case. And now, March 25, 1901, on the case stated, judgment is entered in favor of the plaintiff and against the defendant in above case for the sum of $80.07, and costs of suit.

*Error assigned* was the judgment of the court on the case stated.

*J. W. Sproul*, with him *C. L. Covell*, and *C. Geo. Olmstead* for appellant.

*Benson & Brooks*, and *S. F. Bowser*, for appellee, were not heard.

PER CURIAM, July 17, 1901:

We affirm the judgment entered in favor of the plaintiff and against the defendant for the sum of $80.07, and costs of suit. We rest our affirmance of the judgment on the opinion of Judge WALLING which appears to us conclusive of the question involved in the case stated.