## Marshall, Appellant, *v.* Pilots Association.

*Voluntary association—By-laws—Amendment of by-laws—Vested right—Pilot's association.*

When the rights of a member of a beneficial association have become fixed they cannot be affected by a change of the by-laws without his consent.

A voluntary association of pilots adopted the following by-law : " A member losing his license for any other cause than intoxication shall receive half pay until reinstated." A member in active service and good standing became disabled by reason of impairment of his eyesight, and could no longer pursue his calling. His license was revoked and he was accorded half pay. Subsequently the by-law was amended so that it would read, " A member losing his license through accident to the vessel, or through any other cause, except intoxication, shall receive one half pay until reinstated. A member losing his license for not being capable of following his business shall receive fifty dollars per month." *Held*, that the disabled member was not bound by the amended by-law.

Argued Jan. 21, 1903. Appeal, No. 121, Jan. T., 1902, by plaintiff, from judgment of Superior Court, Oct. T., 1901, No. 119, affirming judgment of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 909, on case stated in case of James W. Marshall v. The Pilots Association for the Bay and River Delaware. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Appeal from Superior Court.

The facts appear by the opinion of the Supreme Court, and by 18 Pa. Superior Ct. 644.

*Error assigned* was in affirming judgment of court of common pleas.

*Edgar J. Pershing*, with him *Horace G. Knowles*, for appellant.

*Henry Flanders*, of *Flanders & Pugh*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, May 18, 1903 :

The plaintiff was a member of the defendant association in good standing down to the time of his disability. He had contributed his due share of earnings to make up the relief fund of the association down to that time, and in return was entitled to the benefits whatever they might be which were provided by the constitution and by-laws of the association. These constituted the contract which governed the rights of the parties respectively and when plaintiff's rights to a special benefit accrued according to such contract, they became fixed and thereafter could only be changed by mutual consent. Whatever the duty of plaintiff might be as a general member with no special rights vested, to acquiesce in changes of the by-laws made in conformity with the charter or constitution, his status changed as soon as he had acquired special rights under the by-laws as they stood at the time. Thereafter as said in Becker v. Berlin Beneficial Society, 144 Pa. 232, " he was a creditor whose rights had previously attached, and those rights cannot be swept away by such a scheme as this by-law."

The by-law as it was when plaintiff became disabled provided that " a member losing his license for any other cause than intoxication shall receive half pay until reinstated." This classed all losses of license together, except those from intoxication. It made no other distinction between causes, whether fault or misfortune, negligence, wilful disobedience of regulations or unavoidable disability, nor any distinction between consequences, whether the loss of license was temporary or lasting. Such being the rule of the contract at the

time of the revocation of the plaintiff's license, the cause not being intoxication was immaterial, and plaintiff became entitled to half pay until reinstated, whether that was soon or never. When subsequently the association chose to alter its by-laws in order to differentiate disabilities and class them as temporary or permanent with different results in regard to benefits, it could not affect the rights of plaintiff already vested. However binding in future cases, such change was inoperative and a nullity as affecting plaintiff.

The case of Becker v. Berlin Beneficial Society, 144 Pa. 232, already cited, is express and controlling authority in this state, and is moreover in entire accord with the general current of American decisions.

Judgment reversed and record remitted to the court of common pleas with directions to enter judgment for the plaintiff on the case stated.