# Palmer *v.* Protected Home Circle, Appellant.

*Contracts—Beneficial association—Benefit certificate—By-laws— Amendment—Alteration of contract.*

The obligation of a beneficial association to pay a holder of a beneficial certificate the amount therein specified to be paid upon a contingency which has happened is not affected by an amendment

of the association's by-laws, made subsequent to the issuance of the certificate, changing the amount payable to a member, even where the member has agreed that compliance on his part with all the rules, regulations and requirements then in force or that might thereafter be enacted by the association was the express condition upon which he should be entitled to participate in the beneficiary fund.

Argued Oct. 25, 1915.  Appeal, No. 152, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1913, No. 84, on verdict for plaintiff in case of John Palmer v. Protected Home Circle.  Before Brown, C. J., Mestrezat, Potter, Moschzisker and Frazer, JJ. Affirmed.

Assumpsit on a benefit certificate.  Before Davis, J.

From the record it appeared that the defendant is a beneficial association duly chartered under the laws of the State of Pennsylvania.  The plaintiff on written application became a member of the association on September 1, 1889.  A beneficial certificate was duly issued to him which provides:

(a) "This certificate witnesseth, that the Supreme Circle of the Protected Home Circle, in consideration of the representations and declarations made in the application· of John Palmer of Pittsburgh, County of Allegheny and State of Pennsylvania, for benefit membership therein, which application is filed in the office of the supreme secretary as part of this contract......does promise and agree to pay to Ophelia C. Palmer, wife, or the legal representatives of said John Palmer, the sum of three thousand ($3,000.00) dollars, etc."

(b) "It is further agreed, that, in case the said John Palmer, shall live to the age of physical disability according to the American Experience Tables of Mortality, in this case sixty-nine years, or shall be proven to be totally and permanently physically disabled previous to that time, from any cause except intemperance or immoral conduct on his own part, from following his own

or any other remunerating occupation whereby he can earn a livelihood; which proof must be certified to by the president, secretary and medical examiner of the circle of which he is then a member, and carefully examined, inquired into and approved by the supreme medical director, and upon condition that he shall then be in good regular standing in the order and shall have faithfully performed all the conditions of his contract then he shall receive one-half of the said sum of three thousand dollars, and if he shall continue thereafter to pay monthly assessments of the same amount as before, the same as though he had not received it, and shall faithfully pay all fees, dues and other requirements, and shall retain his membership in the order until death, then the above-named beneficiaries shall receive the remaining half of the amount for which this benefit certificate was written, being fifteen hundred dollars, and no more.

The written application of plaintiff preceding this certificate provided, inter alia, as follows:

"I do hereby agree that compliance on my part with all the laws, rules, regulations and requirements, now in force or that may hereafter be enacted by said association, is the express condition upon which I am to be entitled to participate in the beneficiary fund in the amount named in the constitution or the laws of the association."

The evidence in this case disclosed that plaintiff had complied with all the requirements of the law of the defendant corporation, had reached the age of disability and was in good standing as a member of said corporation.

The constitution of the defendant corporation at the time plaintiff became a member, provided in Article XIII, Section 10, under the head "Total and Permanent Physical Disability," was as follows:

"Any member of the Protected Home Circle who shall have passed the age of his expectancy, as shown by the

table of rates in this constitution......shall be entitled to one-half the amount called for by his benefit certificate; and provided he continues thereafter to faithfully pay all dues and assessments at the same rate, ......his beneficiary shall, at his death, be entitled to the remaining half of said certificate......."

In 1895, the defendant corporation amended the above quoted Article XIII, Section 10, of its laws, providing as follows:

"Any member of the Protected Home Circle who shall live to be seventy years of age and shall then be or thereafter become physically disabled on account of old age and shall at that time be a full beneficiary member of the order, shall then and at the close of each year thereafter receive a sum equal to one-twentieth of the amount for which his benefit certificate shall at that time be written as an old age benefit for ten years, should his life be continued to that period, the same to be receipted for upon the certificate as fast as received, and the sum of all amounts so paid, shall be deducted from the face value of his benefit certificate whenever the same shall become a claim by reason of his death, and balance after said deduction shall be due to his beneficiaries upon his death,......."

The court affirmed plaintiff's point for binding instruction in his favor for $1,500 and interest.

Verdict for plaintiff for $1,690 and judgment thereon. Defendant appealed.

*Errors assigned* were in affirming plaintiff's point for binding instructions and in refusing defendant's motion for judgment n. o. v.

*J. Roy Dickie,* with him *William W. Wishart* and *Lawrence W. Bingham,* for appellant.

*Don Rose,* of *Johnston & Rose,* with him *Albert C. Rohland,* for appellee.

PER CURIAM, January 3, 1916:

The sole question on this appeal is whether the plaintiff was bound by the amendment of defendant's by-laws, made in 1895, which provides for the payment yearly, upon arrival at the period of physical disability, of one-twentieth of the amount specified in the benefit certificate, instead of the payment of one-half of the amount therein specified. That certificate, issued by the appellant to the appellee, on September 1, 1889, constituted the contract between them, and there is nothing to be found in it, or in the application for it, signed by the appellee, to justify the attempt of the appellant to impair or alter the terms of the contract. It is true that the appellee stipulated that compliance on his part with all the rules, regulations and requirements then in force, or that might thereafter be enacted by the association, was the express condition upon which he was to be entitled to participate in the beneficiary fund, but that stipulation was not that the association might radically change the terms of its contract: Hale v. Equitable Aid Union, 168 Pa. 377; Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142; Supreme Council of American Legion of Honor v. Getz, 112 Fed. Repr. 119. Upon the authority of these cases the court below correctly held that the plaintiff was entitled to recover the sum for which he sued.

Judgment affirmed.