## Sheetz *v.* The Protected Home Circle, Incorporated, Appellant.

*Beneficial associations—Benefit certificates—By-laws—Change— Retroactive effect—Ultra vires.*

1. Though a member of an association may know that certain amendments to the by-laws have been passed and he may even have voted for them, it does not follow from this that he consents that they may have retroactive force, modifying his contract with the society.

2. An averment in an affidavit of defense in an action on a death benefit certificate that plaintiff by his representatives had participated in the enactment of certain amendments to the constitution and laws of the association, relating to contracts with members, does not state by inference that plaintiff consented that such by-laws should have retroactive force or agreed to the modification of his contract.

Palmer v. Protected Home Circle, 252 Pa. 201, followed.

3. A benefit certificate stipulated that upon compliance by the beneficiary with all the laws, rules, regulations and requirements of the association, then in force or that might thereafter be enacted by it, he should be entitled to participate in a beneficiary fund. It further provided that "in case the said (beneficiary) shall live to the age of physical disability according to the American experience table of mortality, in this case 70 years, or shall be proven to be totally and permanently physically disabled previous to that time, from any cause except intemperance or immoral conduct on his part, as per article 8, sec. 9, of the constitution, from following his own or any other remunerative occupation whereby he can earn a livelihood......, he shall receive" a stipulated sum of money. Defendant contended that its charter did not contemplate the payment at the age of disability of any part of the amount of the benefit certificates issued to the members and that the inclusion of such a provision in the benefit certificate was ultra vires and void. It appeared that defendant was incorporated to promote the welfare of its members and to render them "assistance of a moral, social, intellectual and pecuniary nature," and that among its funds was one for the payment of certain sums to members who had reached the age of permanent physical disability. *Held,* the court properly entered judgment for plaintiff for want of a sufficient affidavit of defense.

Argued Oct. 11, 1916. Appeal, No. 91, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1915, No. 1515, for want of a sufficient affidavit of defense, in case of Lewis Sheetz v. The Protected Home Circle, Incorporated. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on a benefit certificate.

Rule for judgment for want of a sufficient affidavit of defense. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the order of the court.

*A. W. Williams,* with him *Lawrence W. Bigham,* for appellant.—The plaintiff was bound by the after-enacted by-law: Commonwealth v. Equitable Beneficial Assn., 137 Pa. 412; Marshall v. Pilots' Association, 18 Pa. Superior Ct. 644; MacDowell v. Ackley, 8 W. N. C. 464; Supreme Lodge Knights of Honor v. Martin et al., 13 W. N. C. 160; St. Patrick's Male Beneficial Society v. McVey, 92 Pa. 510; Becker v. Berlin Beneficial Society, 144 Pa. 232.

*M. R. Trauerman,* with him *B. H. Feldstein,* for appellee, cited: Palmer v. Protected Home Circle, 252 Pa. 201.

OPINION BY MR. CHIEF JUSTICE BROWN, January 8, 1917:

Nothing is to be found in the elaborate argument of learned counsel for appellant justifying a distinction between this case and Palmer v. Protected Home Circle, 252 Pa. 201. There the stipulation of the beneficiary was that compliance on his part with all the laws, rules, regulations and requirements of the association then in force, or that might thereafter be enacted by it, was the express condition upon which he was to be entitled to participate in the beneficiary fund. The stipulation of this beneficiary with the same association is identical in its terms, but it is contended that a provision in the certificate issued to him distinguishes his case from Palmer's. That provision is as follows: "It is further agreed, that in case the said Lewis Sheetz, shall live to the age of physical disability according to the American experience table of mortality, in this case seventy (70) years or shall be proven to be totally and permanently physically disabled previous to that time, from any cause except intemperance or immoral conduct on his own part, as per article 8, sec. 9, of the constitution, from following his own or any other remunerative occupation whereby he can earn a livelihood; which proof must be certified to by the president, secretary and medical ex-

aminer of the Circle of which he is then a member, and
carefully examined, inquired into and approved by the
Supreme Medical Director, and upon condition that he
shall then be in good and regular standing in the Order
and shall have faithfully performed all the conditions of
his contract, then he shall receive one-half of the said
sum of three thousand dollars, and if he shall continue
thereafter to make monthly payments of the same
amount as before, the same as though he-had not received
it, and shall faithfully pay in all fees, dues and other re-
quirements and shall retain his membership in the Order
until death, then the above named beneficiaries shall re-
ceive the remaining half of the amount for which this
benefit certificate was written, being fifteen hundred
dollars and no more." In the certificate issued to Pal-
mer the age of physical disability was stated to be sixty-
nine years, and the following words in the certificate
issued to this appellee did not appear in it: "As per
article 8, sec. 9, of the constitution." In all other
respects the provisions of the two certificates are iden-
tical, and the words "as per article 8, sec. 9, of the
constitution" in no manner affect the contract rights of
the appellee, for they were inserted in the certificate as a
mere reference to the following constitutional provision
as to what shall be considered permanent physical disa-
bility before the beneficiary arrives at the age of seventy
years: "A member of the Protected Home Circle shall be
considered totally and permanently physically disabled
under this section only when he has lost both legs at or
above the ankles, both arms at or above the wrists, one
leg and one arm as above indicated, both eyes, or who
suffers total paralysis of the lower limbs, and when such
disabilities are not the result of intemperance, immoral
conduct or vicious habits."

It is further urged that judgment ought not to have
been entered against the appellant in view of the follow-
ing averment in its affidavit of defense: "The deponent
avers that the plaintiff in this case, by and through the

duly accredited representatives from the circle or district of which he was then a member, participated in the enactment of said amendments to the constitution and laws of the defendant association or society, all of which were duly and regularly enacted by the supreme legislative body thereof in the manner prescribed by its constitution and laws." This is unavailing, for the universally recognized rule is that, though a member of an association may know that certain amendments to the by-laws have been passed, and he may even have voted for them, it does not follow from this that he consents that they may have retroactive force, modifying the contract which he holds with the society: Niblack on Benef. Soc. 61; Knights Templars' & Masons' Life Indemnity Co. v. Jarman, 104 Fed. Repr. 638; Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142.

Another contention of the appellant is the following, set up in the 27th paragraph of its affidavit of defense: "The defendant avers that as the charter, or fundamental law by which the defendant association or society was created or incorporated neither contemplates, nor in any manner refers to, the payment at the age of expectancy of any part of the amount named in the benefit certificates issued to members, the embodying or inclusion of such a provision in the benefit certificate in suit is ultra vires and void, as being an act beyond the scope of the powers of the defendant association as defined by its charter." The purpose for which the defendant association was incorporated, as declared in its charter, is to promote the welfare of its living members and render them "assistance of a moral, social, intellectual and pecuniary nature." Among its funds there is one for the payment of certain sums to members who have reached the age of permanent physical disability. It thus promotes their welfare and renders them assistance of a "pecuniary nature," and, in so doing, is acting within its clear corporate power. It has received the dues

paid by the appellee in good faith, and its plea that its contract with him was ultra vires is as ungracious as it is without merit.

Judgment affirmed.