# Persell *v.* The Maccabees, Appellant.

*Beneficial societies—Beneficial certificates—Liability thereon—By-Laws—Modification—Illegality.*

A beneficial certificate, issued to a member in good standing who has paid his dues for thirty years, cannot be changed by an amendment of the by-laws of the society, which materially alters the contract between the parties.

Where a beneficial certificate, provides for the payment of five thousand dollars, on total disability, upon the payment of dues of fifteen dollars per month, an amendment increasing the dues to eighty-seven dollars per month after the right to the benefits had accrued, constitutes a material modification of the contract and cannot be made by one party against the objection of the other. The contract primarily fixed the rights and liabilities of the parties.

Argued April 30, 1925. Appeal No. 138 April T., 1925, by defendant from judgment of C. P. Allegheny County, April T., 1924, No. 726, in the case of Jacob A. Persell, by his Guardian, Mary E. Persell, v. The Maccabees, a Corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on beneficial certificate. Before HAY-MAKER, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*A. C. Johnston* and with him *C. M. Johnston,* for appellant.—The association had the right to change and increase the dues, monthly rates and assessments: Chambers v. Knights of the Maccabees, 200 Pa. 244; Suckling v. Order of Mutual Protection, 35 Pa. Supe-

rior Court 199; Fullenweiler v. Sup. Council Royal League, 180 Ill. 621; Thomas v. The Maccabees, 85 Wash. 665, S. C. Pac. Rep. 149, page 7; Knights of Pythias v. LaMalta, 95 Tenn. 157; Less v. Modern Brotherhood of America, 120 Iowa 602; Supreme Commandery Kts. of Golden Rule v. Ainsworth, 71 Ala. 436; Leoffler v. Modern Woodmen, 102 Wis. 79; Knights of Pythias v. Mims, 241 U. S. 575; Royal Arcanum v. Green, 237 U. S. 531.

*F. K. Willmann*, for appellee.—Plaintiff had a vested right under the certificate furnished and was not bound by the by-laws, as amended: Becker v. Berlin Beneficial Society, 144 Pa. 232; Hale v. Equitable Aid Union, 168 Pa. 377; Palmer v. Protected Home Circle, 252 Pa. 201; Roblin v. Supreme Tent of the Knights of the Maccabees, 269 Pa. 139; Hayes v. German Beneficial Union, 35 Pa. Superior Court 142.

OPINION BY LINN, J., October 6, 1925:

Defendant, a fraternal beneficial corporation, appeals from judgment for want of a sufficient affidavit of defense, in a suit to recover on a contract,—a certificate described on its face as "Life benefit, permanent and total disability certificate". It was issued May 18, 1920, and recites that "This certifies that Sir Knight Jacob A. Persell, a member of Hyrcanus Tent.....,..having become totally and permanently disabled, and having surrendered his life benefit certificate No. 5824, he is, in accordance with and under the provisions of the laws governing the association, entitled to receive five thousand dollars, less the amount paid from time to time on disability claim No. 8857, as a benefit to Mary E. Persell, his wife......" Persell had been a member of the organization for thirty years; had become permanently disabled and had accordingly become entitled to and received the certificate; he had paid $15 a month to the organiza-

tion as required, and had received from defendant on the certificate since its issue, quarterly payments of $125.00 each, the last payment on August 9, 1923. Plaintiff also averred that his tender of dues ($15 a month), premium, and per capita tax for the period after that date was refused by defendant, and that it declined to pay him the next quarterly installment of $125.00 due, and informed him "that no further payments would be made under the said certificate...... issued to him......." Plaintiff averred that he had performed all that was required of him by the by-laws, &c., of the organization existing at the time when the contract of May 18, 1920, was executed and delivered, and that he was therefore entitled to payment.

The affidavit of defense admitted all of the allegations made by the plaintiff but resisted payment by averments that in his application for membership, Persell had agreed to be bound by the laws then in force or that might thereafter be made, and that in June, 1922, radical changes in the by-laws and regulations of membership, concerning the amounts payable to members and payable by them, had been made, and that, effective as to Persell, on and after October 1, 1923, his dues were fixed at $87.50 per month instead of $15 as theretofore. Other details of the change in the laws of the organization were set up which need not be mentioned now.

The suit is to enforce payment pursuant to the terms of a contract, evidenced by the certificate which had been executed and delivered to Persell as required by the constitution and by-laws of defendant because Persell had "become totally and permanently disabled" and had "surrendered his life certificate". The only question raised is defendant's right to destroy the contract by the amendments set up. The contract primarily fixes the rights and the liability of the parties; Persell's relation as a member of the organization is but a secondary matter in the consideration of those

questions. The difference between the status of such person as a party to a contract with the association and his relation as a member of the association, is described in Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142, at pp. 147 to 151. There is no provision in the contract authorizing the defendant under liability to pay the amount of the certificate in quarterly installments of $125.00 in consideration of his continuing a membership already in existence thirty years, and his regular payment of $15 a month dues, now to increase the dues and to require him to pay $87.50 a month instead of $15 a month as they had formerly agreed. Without such provision, the change cannot be made by one party against the objection of the other. The general subject has so recently been considered in this state that reference to the decisions is sufficient: Hayes v. German Ben. Union, supra; Chambers v. Knights of Maccabees, 200 Pa. 244; Marshall v. Pilots Assn., 206 Pa. 182; Palmer v. Circle, 252 Pa. 201; Roblin v. Knights of Maccabees, 269 Pa. 139, and cases there cited.

Judgment affirmed.