## Premuzic *v.* Croatian Fraternal Union of America, Appellant.

Argued April 23, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*C. A. Davis,* with him *F. A. Bogadek,* for appellant.

*Ella Graubart,* for appellee.

Opinion by James, J., July 10, 1936:

Ivan Premuzic brought this action of assumpsit against the Croatian Fraternal Union of America for certain sick benefits due him as a member of the union. He became a member of the defendant society in 1924, and a certificate of membership was issued to him. In 1929, he became sick and was paid weekly sick benefits amounting to $1,376.70, in the period from 1929 to 1933. At the time of his admission, under the by-laws, he was entitled to "receive the sum of $5.00 per week until such time as they [he] become well." On October 1, 1932, because of a deficit in the sick benefit fund, the society changed its by-laws by reducing the benefits payable to all classes of members and fixing the total amount of benefits payable from January 1, 1925, to any member, at $1,250. By these changes, the benefits payable to the plaintiff were reduced from $5 to $1.75 per week, and because he had already received, in sick benefits, an amount in excess of the sum fixed by the amended by-laws, further benefits were refused by the defendant. The certificate states that the member "is entitled to all the rights, privileges, and benefits of membership in said Society and to participate in the mortuary and disability fund of said Society, in accordance with the Constitution and by-laws, as established from time to time at its conventions. The mortuary benefit, accruing under this certificate, shall upon the death of said Ivan Premuzic be paid to funeral expenses $200.00, and wife Eva $800.00." Attached to this certificate was the following signed acceptance of the member: "I hereby accept this certificate on the conditions named above and agree, that my rights and the rights of my beneficiaries shall be governed and controlled by the laws, rules and requirements of the Nat. Croatian Society of the U. S. of America, now in force, or which may be hereafter adopted."

Plaintiff brought his suit alleging he was entitled to $5 per week under the by-laws in existence at the time

he became sick, while defendant contends the member is bound by the new by-laws of 1932. The court below directed a verdict in favor of the plaintiff in the sum of $176.30, being the benefits computed at the rate of $5 per week up to the date of the filing of the suit. Defendant's motion for judgment non obstante veredicto was refused, and judgment entered on the verdict, from which this appeal was taken.

Appellant's contention, although supported by courts of several of our sister states, has been uniformly rejected by our courts. In Becker v. Berlin Beneficial Soc., 144 Pa. 232, 235, 22 A. 699, it was held that where a beneficial society becomes liable for weekly benefits at the rate fixed by its charter, it cannot subsequently, by an amendment to its by-laws, reduce the amount of the benefits. The court said: "It may be a good by-law as to future cases, but at the time it was passed the plaintiff was something more than a member. He was a creditor whose rights had previously attached, and those rights cannot be swept away by such a scheme as this by-law." This was followed by Hale v. Equitable Aid Union, 168 Pa. 377, 31 A. 1066, where it was held that, "The benefit certificate was accepted by plaintiff [member] 'subject to the right of the corporation to amend its by-laws and to change the contract in so far as the by-laws make it, but not in so far as the contract is made by the benefit certificate itself.'" This ruling was reaffirmed in Palmer v. Protected Home Circle, 252 Pa. 201, 97 A. 188; Hays v. German Beneficial Union, 35 Pa. Superior Ct. 142; Sheetz v. Protected Home Circle, 256 Pa. 172, 100 A. 749; Persell v. The Maccabees, 86 Pa. Superior Ct. 402, and restated thus in Roblin v. Knights of the Maccabees, 269 Pa. 139, 142, 112 A. 70: "True, the certificate provides that the member shall abide by by-laws thereafter enacted, and that is valid in so far as his rights depend upon by-laws; but substantial rights which rest upon the contract cannot be abro-

gated by new by-laws, even where the power to make them is reserved." See also Turley v. John Hancock M. L. Ins. Co., 315 Pa. 245, 173 A. 163.

Appellant, however, argues that the authorities above cited dealt entirely with a change in the charter or certificate which contained the contract between the member and the society; whereas, the change that was made in the present case was an amendment to the by-laws. Conceding that such a distinction exists, we are still met with the rule that changes in the by-laws cannot be made after substantial rights have accrued. In the case of Marshall v. Pilots Assoc., 206 Pa. 182, 184, 55 A. 916, where no contract existed except the obligation arising from membership in the beneficial association, the court said: "The plaintiff was a member of the defendant association in good standing down to the time of his disability. He had contributed his due share of earnings to make up the relief fund of the association down to that time, and in return was entitled to the benefits whatever they might be which were provided by the constitution and by-laws of the association. These constituted the contract which governed the rights of the parties respectively and when plaintiff's rights to a special benefit accrued according to such contract, they became fixed and thereafter, could only be changed by mutual consent. Whatever the duty of plaintiff might be as a general member with no special rights vested, to acquiesce in changes of the by-laws made in conformity with the charter or constitution, his status changed as soon as he had acquired special rights under the by-laws as they stood at the time......When subsequently the association chose to alter its by-laws in order to differentiate disabilities and class them as temporary or permanent with different results in regard to benefits, it could not affect the rights of plaintiff already vested. However binding in future cases, such change was inoperative and a nullity as affecting plaintiff."

This doctrine was later approved in Taylor v. Order of Sparta, 254 Pa. 556, 560, 99 A. 157. By-laws affecting rights that have already accrued were held unreasonable and invalid in Roblin v. Knights of the Maccabees, supra; Gurnacki v. Polish R. C. Union, 113 Pa. Superior Ct. 189, 172 A. 480. We find nothing in conflict with these rulings in Chambers v. Knights of the Maccabees, 200 Pa. 244, 49 A. 784, or Coffey v. The Maccabees, 292 Pa. 58, 140 A. 551. Under the facts of those cases, no rights had accrued prior to the adoption of the amended by-laws.

Appellant further argues that as the reduction of benefits was made under the authority of section 3 of the Act of May 20, 1921, P. L. 916, as amended by sections 1 and 23C of the Act of April 26, 1929, P. L. 796, 40 PS §§1013, 1038,[1] it was binding upon the member. We are unable to find any authority under these sections for the society to adopt by-laws affecting rights that had accrued under prior by-laws.

Judgment affirmed.

[1] Repealed by the Act of July 17, 1935, P. L. 1092.