Willison *v.* Willison et al., Appellants.

Argued April 30, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Charles H. McKibben,* of *Powell & McKibben,* for appellants.

*Kenneth G. Jackson,* with him *Charles M. Thorp, Jr.,* of *Thorp, Bostwick, Reed & Armstrong, for* appellee.

OPINION BY RHODES, J., September 30, 1936:

Ida F. Willison, one of the defendants in the court below, appeals from the entry of judgment in favor of the plaintiff in an interpleader proceeding instituted for the purpose of determining who was entitled to the proceeds of a beneficial certificate of the Order of the Knights of Columbus, a beneficial society incorporated under the laws of the state of Connecticut. The Order paid the proceeds of the certificate into court, and an issue was framed in which the widow of the member was the plaintiff, and the sisters of the member were the de-

fendants. To the plaintiff's statement the defendants filed an affidavit of defense raising questions of law. A stipulation was filed by the parties, wherein it was agreed, inter alia, that the court below should enter judgment for the party in the interpleader in whose favor the questions of law might be decided. From the judgment entered on the court's finding in favor of the plaintiff in the interpleader proceeding, Ida F. Willison, one of the defendants, appealed.

Frank G. Willison, the deceased member, on November 15, 1897, made a written application for membership in Council No. 285, of the Order of the Knights of Columbus, and for Class A insurance in the sum of $1,000. At that time he was unmarried, and he designated his three sisters, Ida, Blanche, and Bessie, as his beneficiaries to receive the proceeds of the beneficial certificate after due proof of his death and of his good standing in the Order and in Class A at the date thereof. On August 15, 1921, Willison married the plaintiff, then Rose C. Gangloff. He died on October 21, 1933, leaving her surviving. It was stipulated that he never changed his beneficiaries in the certificate from those named when he entered into his contract in November, 1897, that at the time of his death his three sisters were still his named beneficiaries and designated and recorded as such with the Order, and that there was no redesignation of them as his beneficiaries subsequent to his marriage in 1921. One of the sisters, Bessie, predeceased her brother, and Blanche has not joined in this appeal.

The application for membership was approved; and the certificate was issued by the Order to Willison on or about November 18, 1897, containing the following provisions:

"That such lawful beneficiary as shall be designated by him and recorded according to the laws and rules of said Order, shall receive the sum of $1,000.00, after due

proof of his death and of his good standing in the Order and in Class A at the date thereof.

"He is therefore, by these presents and by virtue of the laws and rules of the Order, hereby declared to be possessed of all the advantages and responsibilities imposed by said or future laws or rules thereof, during his continuance of legal membership therein."

The application for membership contained the following: "7. That I will conform to and abide by the Constitution, By-Laws, Rules and Regulations, of said Order, and of any Council thereof, of which I may at any time be a member, which may now be in force, or which may at any time hereafter be adopted by the proper authorities, or submit to the penalty now or hereafter provided for the breach or violation of such Constitution, By-Laws, Rules or Regulations."

On August 9, 1907, the Supreme Council of the Knights of Columbus amended its existing by-laws by adding:

"2. Where, upon the death of a member, it appears that he has failed to make any designation, or that the beneficiary or beneficiaries are dead, or if the designation shall fail for illegality or otherwise, then the benefit shall be paid to the person or persons in the following classification, and in the order of precedence as herein set forth: First: The member's wife ......"

"4. When an unmarried man or widower names or designates as his beneficiary or beneficiaries a person or persons other than his own children, or one or more of them, and subsequently marries, the subsequent marriage of such member will have the effect of rendering such designation void. But it shall be lawful for such member to redesignate the same beneficiary or beneficiaries. Should such member die without making a new designation or redesignation, then the benefit shall be paid in accordance with the classification in this

section, subdivision 2, and in the order of precedence therein set forth. ......"

The court below held that the amendment to the by-laws, adopted in 1907, operated to make the wife of the member the beneficiary, as a result of the member's marriage, in 1921, without a redesignation of his sisters as beneficiaries.

The argument of the appellant to the effect that this amendment to the by-laws was ineffective in this case is based on two propositions: first, that the amendment impairs and materially affects the contract which Willison entered into with the Order, in 1897, to pay his sisters the proceeds of the certificate upon his death; secondly, that the amendment was intended to apply only to those beneficial certificates issued after its effective date.

We are of the opinion that neither contention can be sustained, and that the court below arrived at the correct conclusion.

To sustain the first proposition, appellant relies on a line of cases which holds that new by-laws of a beneficial society cannot violate, impair, or alter the contract between the society and a member, in so far as the contract is made by the certificate itself, or the substantial rights which rest on such a contract.[1] These cases are not controlling. Appellant's argument that they are applicable is based on the false premise that the amendment of 1907 violates the contract between the member and the Order, or changes a fixed or sub-

[1] *Hale v. Equitable Aid Union,* 168 Pa. 377, 31 A. 1066; *Palmer v. Protected Home Circle,* 252 Pa. 201, 97 A. 188; *Sheetz v. Protected Home Circle, Inc.,* 256 Pa. 172, 100 A. 749; *Roblin v. Supreme Tent of the Knights of the Maccabees,* 269 Pa. 139, 112 A. 70; *Hayes v. German Beneficial Union,* 35 Pa. Superior Ct. 142; *Persell v. The Maccabees,* 86 Pa. Superior Ct. 402; *Gurnacki v. Polish Roman Catholic Union of America, Inc. et al.,* 113 Pa. Superior Ct. 189, 172 A. 480; *Premuzic v. C. F. U. of America,* 122 Pa. Superior Ct. 443, 186 A. 311.

stantial right arising therefrom or resting thereon. The amendment of 1907 did not violate the member's contract or abrogate any fixed or substantial rights. On the contrary, this amendment to the by-laws relative to the designation of a beneficiary is in conformity with the deceased member's contract with the Order. The certificate itself provides: "That such lawful beneficiary as shall be designated by him and recorded according to the laws and rules of said Order, shall receive the sum of $1,000.00, ......" In making the application for membership he designated his three sisters as the beneficiaries of the benefit fund. This designation was in conformity with the then existing laws of the Order. The certificate also contained the provision that he was to be possessed of all the advantages and responsibilities imposed by the existing laws or future laws or rules of the Order. His acquiescence in any reasonable change in the by-laws was likewise set forth in his application for membership; and such changes are valid in so far as the rights thereby affected depend upon the by-laws (*Roblin v. Supreme Tent of the Knights of the Maccabees*, 269 Pa. 139, 142, 112 A. 70, 72), or in so far as they regulate the subsequent conduct of a member when the certificate is issued and accepted on the stipulation that he be bound by the laws, rules, and regulations of the Order which it should at any time adopt (*Coffey v. The Maccabees*, 292 Pa. 58, 62, 140 A. 551, 552).

The designated beneficiaries had no vested right in the fund payable under and by virtue of the beneficial certificate, and could have none until the death of the member. *Noble v. Police Beneficiary Association*, 224 Pa. 298, 73 A. 336; *Stockberger v. Maag*, 121 Pa. Superior Ct. 216, 183 A. 439. The amendment of 1907 was operative, in so far as the deceased member was concerned, only in the event that he married, which event took place in this case subsequent to the enact-

ment of the amendment. It is true that such a new by-law could not change a fixed liability *(Becker v. Berlin Benef. Society,* 144 Pa. 232, 22 A. 699), or materially change an existing contract *(Roblin v. Supreme Tent of the Knights of the Maccabees,* supra, 269 Pa. 139, 144, 112 A. 70, 72) ; but the by-laws of an association may be amended so as to change a right or privilege, which is dependent upon the by-laws themselves, or the contract itself so far as the by-laws make it (see *Chambers v. Supreme Tent of the Knights of the Maccabees of the World,* 200 Pa. 244, 49 A. 784; *Hayes v. German Beneficial Union,* 35 Pa. Superior Ct. 142, 151; *Hale v. Equitable Aid Union,* 168 Pa. 377, 31 A. 1066). The amendment of 1907 does not reduce the Order's liability or change any fixed liability or impair a vested right. It prescribes to whom the benefit fund shall be paid by the Order upon the death of the member, under certain circumstances. It affords protection both to the Order and its members; and we are of the opinion that it is reasonable and comes within the power reserved in the certificate by the Order and consented to by the member in his application and in the certificate itself. It did not take away or nullify any fixed or substantial right which the deceased member had by virtue of his contract with the Order. The member still had the privilege, after his marriage, to rename the beneficiaries whom he had previously designated or to name a new one. At all times the power to designate a beneficiary remained in the member, without limitation. It was only if he died without exercising that right that the benefit fund was to be paid by the Order to the person or class prescribed in the amendment. As long as the member remained unmarried, the amendment of 1907 was not operative as to him, and did not affect his designation of beneficiaries made ten years prior to the adoption of the new by-law. It was by his own act, in marrying 14 years after the adoption of

this by-law, that it became effective as to him; voiding his prior designation of beneficiaries and providing that the benefit fund would be paid by the Order to his wife if he saw fit to make no new designation. His acquiescence in the selection made by the amendment of 1907, due to his failure to act, had the effect of a new appointment by him. See *Fischer v. American Legion of Honor,* 168 Pa. 279, 31 A. 1089.

Appellant's argument that the amendment of 1907 did not apply to the certificate issued to Willison, because it is written in the present tense, and not in the past tense, is neither logical nor sound. Had the amendment been written in the past tense, it could be argued that it applied only to those certificates issued prior to 1907. Had it been written in the future tense, it would have applied only to those certificates issued subsequent to the amendment. That it was written in the present tense plainly indicates that it was intended to operate not only prospectively, but also to such a situation as is present in the case at bar. The court below properly said "that by its very language it was intended that this by-law should act retroactively on a prior designation of beneficiaries. The language speaks for itself in this particular." See *Mathieu v. Mathieu,* 112 Md. 625, 77 A. 112; *Coffey v. The Maccabees,* 91 Pa. Superior Ct. 136; Id., 292 Pa. 58, 140 A. 551.

Assignments of error are overruled. Judgment of the court below is affirmed.