This is an action of assumpsit instituted by Mary Moon et al., as named beneficiaries in two beneficial certificates, in the amount of $1,500 each, issued to John Manning, deceased, by the Locomotive Engineers Mutual Life and Accident Insurance Association, appellee, a mutual protective and fraternal benefit society incorporated under the laws of the State of Ohio, to recover the face amount of the certificates, with interest.
The certificates on which suit was brought were issued to Manning on August 18, 1921, in place of two certificates originally issued to him, upon his becoming a member of the Association, on October 5, 1874. Each contained a provision that "Any member of this Association, neglecting or refusing to pay any assessment, when ordered as provided in the By-Laws . . . shall forfeit all right and title to membership, and be debarred from further participation in this Insurance", and also provided that "The application, the certificate issued thereon and the By-Laws in force at the time of issuance of this certificate, or as amended from time to time, shall form the basis of the contract between this Association and the insured". In 1921, prior to the issuance of the new certificates, the by-laws of the Association, which formed a part of the original contracts, had been amended to provide that certificate holders who had paid their assessments for forty years were to have their *Page 474 
certificates paid up for life, and pursuant to such amendment endorsements were placed on the backs of the new certificates issued to Manning, stating that "This certificate has become paid up by virtue of having been continuously in force for forty (40) years".
In 1933, the Association, finding its business on an unsound actuarial basis, again amended its by-laws so as to provide that all members holding certificates issued before October 1, 1933, should, on and after that date, make monthly payments according to their ages, regardless of any by-law previously in effect granting paid-up insurance after forty years of membership. Certificate holders who were more than sixty and one-half years of age were, by the amended by-laws, given an option of surrendering their old certificates and taking new paid-up certificates for a fraction of the amount of the old ones, to be paid out of the then existing assets of the Association, which were set aside for that purpose. Manning, being over 80 years of age, would have been entitled to receive a new paid-up certificate for $1,500, one-half the amount of his old certificates. The amended by-laws also gave members taking new paid-up certificates, for a portion of the face amount of their old ones, the privilege of taking additional insurance of the kind on which assessments had to be paid.
Manning was promptly given notice of the 1933 amendments and neither exercised the option nor resumed payments, but the Association set aside for him one of the paid-up certificates issuable under the amended by-laws. Following his death on April 20, 1939, at the age of 97 years, Mary Moon et al., the named beneficiaries, filed due notice and proof of death with the Association and demanded payment of the face amount of the two certificates issued August 18, 1921. Payment having been refused by the Association, they brought this action in assumpsit for $3,000 and interest. The case was tried before the trial judge sitting without a jury, resulting in a finding against the Association for the full amount of *Page 475 
the claim. Exceptions filed by the Association were sustained, after argument before the court en banc, in an opinion by the trial judge, and judgment was entered in favor of the Association. On this appeal, which followed, the admitted facts, most of which are established by the pleadings of the parties, are as above stated. The only oral evidence consists of the undisputed testimony of an actuary, called by the Association, as to the reasonableness of the 1933 amendment and its necessity, in view of the then financial condition of the Association, which matters are not here in question.
The contention of appellants that the 1933 amendment was not intended to apply to holders of paid-up certificates, "since they are nowhere referred to therein", is without basis in fact. The amendment expressly applies to "each and every member" holding a certificate "regardless of the provisions in any By-Law heretofore in effect granting paid-up insurance after 40 years of membership or otherwise, or providing for assessments carried or to be carried for the members of the Association". Giving the language used its ordinary meaning, it amounts to a manifest expression of intention to embrace within its terms all certificate holders, including those who had been granted paid-up privileges by virtue of the previous amendment to the by-laws, in 1921, and in our opinion is susceptible of no other reasonable construction. The presumption, sought to be invoked by appellants, that by-laws are never intended to be retroactive unless such intent be clearly expressed, can, therefore, have no application. See Roblin v. Knights of theMaccabees, 269 Pa. 139, 143; Wolpert v. Knights of Birmingham,2 Pa. Super. 564, 569; Hayes v. German Beneficial Union,35 Pa. Super. 142, 149. Apart from any question as to the intention to require that holders of paid-up certificates must again pay assessments in order to keep their certificates alive as obligations of the Association, the question remains, however, as the controlling question in the case, whether *Page 476 
the 1933 amendment to the by-laws could legally have that effect.
Appellants contend, as they did in the court below, that the amendment could not have the legal effect claimed by the Association, as to holders of paid-up certificates, relying upon decisions of this Court and the Superior Court, holding ineffective subsequently enacted by-laws of associations like that here involved which violate, impair or alter the contractual rights of the parties not dependent upon the by-laws,[1] or by which it is attempted to disturb or abrogate a liability which has accrued or become fixed prior to their enactment.[2] The Association contends that the 1933 amendment is not objectionable on either of the grounds urged by appellants and is, therefore, within the rule that the by-laws of an association may be amended so as to change a right or privilege which is dependent upon the by-laws themselves, or the contract itself so far as the by-laws make it.[3] In accordance with the position taken by the Association, the court below held the amendment to be a proper exercise of the power reserved to the Association, stating as follows: "The [Association] deprived Manning of none of his rights under the original certificates. They call for the payment of assessments during his life. In 1921 he was granted the gratuitous favor of release from the payment of assessments and by the amended By-Laws of 1933 the [Association] did no more *Page 477 
than withdraw that favor, the benefit of which he had enjoyed for about twelve years. His contractual rights depended upon the payment of assessments; other rights granted by the By-Laws could be revoked by subsequent By-Laws."
The conclusion of the court below that the 1933 amendment does not fall within the sweep of the decisions relied upon by appellants, as applied to holders of paid-up certificates, is in accord with the decision in Taylor v. Order of Sparta,254 Pa. 556. There the constitution and by-laws of the beneficial society, organized in 1880, provided that members who had remained in the Order for 25 consecutive years, paying all of their assessments, should be exempt from payment of further assessments, which should thereafter be paid by the Order out of the "Permanent Fund". Later, in 1915, the Order abolished the "Permanent Fund", by an amendment to the by-laws, and changed the by-laws to provide that all members of 25 years or more standing should again be obliged to pay monthly assessments, according to their attained age, and that if they failed to pay such assessments they should be suspended and expelled from the Order. The court below concluded that the amendment did not violate any contractual or vested right of persons who were then on the fund, as members of 25 years' standing, thereafter to be exempt from assessments. On appeal, this Court affirmed that conclusion, stating as follows (p. 560): "The decision followed Chambers v. Supreme Tent ofKnights of Maccabees, 200 Pa. 244, and Suckling v. Artisans'Order of Mutual Protection, 35 Pa. Super. 199, and is in accordance with the distinction pointed out in Marshall v.Pilots' Assn., 206 Pa. 182, 183, between cases where changes in by-laws were made after the member had acquired special rights as a creditor, and those where the changes had been made before such rights accrued."
The endorsements, on the reverse sides of the certificates issued to Manning in 1921, added nothing to *Page 478 
his rights and are of legal significance only as a formal acknowledgment by the Association that he had become entitled to the exemption from future assessments granted by the previously enacted by-law. Their mere presence, on the backs of these certificates, does not alter the obvious fact that the exemption, like that involved in Taylor v. Order of Sparta, supra, arose out of and existed solely by virtue of the by-laws of the Association, and we deem the decision in that case, although it has not been cited to us by either side, an express and controlling authority against the contentions of appellants in the present case. Our conclusion that the 1933 amendment was binding upon every member and had the legal effect claimed by the Association, as the court below held, is likewise in accord with that reached by the courts of New York in Quigley v.Locomotive Engineers Mut. Life and Accident Assur. Assn.,244 App. Div. 513, 279 N.Y. S. 858, affirmed 273 N.Y. 567,7 N.E.2d 695.
Judgment affirmed.
[1] Hale v. Equitable Aid Union, 168 Pa. 377; Palmer v. ProtectedHome Circle, 252 Pa. 201; Sheetz v. Protected Home Circle,256 Pa. 172; Hayes v. German Beneficial Union, 35 Pa. Super. 142.
[2] Becker v. Berlin Beneficial Soc., 144 Pa. 232; Marshall v.Pilots Assn., 206 Pa. 182; Roblin v. Knights of the Maccabees,269 Pa. 139; Persell v. The Maccabees, 86 Pa. Super. 402;Gurnacki v. Polish Roman Cath. Union, 113 Pa. Super. 189;Premuzic v. Croatian Frat. Union, 122 Pa. Super. 443.
[3] Chambers v. Knights of Maccabees, 200 Pa. 244; Taylor v. Orderof Sparta, 254 Pa. 556; Coffey v. The Maccabees, 292 Pa. 58;Suckling v. Artisans' Order of Mutual Protection, 35 Pa. Super. 199; Willison v. Willison, 123 Pa. Super. 515.