Reber *v.* Wilkes-Barre Firemen's Relief and Pension Association, Appellant.

Argued March 8, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Frank Slattery, Jr.,* for appellant.

*Charles H. Miner, Jr.,* with him *Arthur H. James,* for appellee.

OPINION BY WRIGHT, J., July 21, 1955:

George Reber is one of sixty-four persons on the relief or pension rolls of the Wilkes-Barre Firemen's Relief and Pension Association. Reber filed an action in assumpsit to recover a temporary thirty percent reduction in his pension payments. The trial Judge directed a verdict for the plaintiff. Motions by the defendant for judgment n.o.v. and for a new trial were refused. This appeal followed.

The Wilkes-Barre Firemen's Relief and Pension Association was organized in 1896 as a corporation not for profit, and has been in continuous existence ever since. Its charter sets forth the purpose for which the corporation was formed to be "the maintenance of a society for beneficial or protective purposes to its

members, and for said purposes, to provide and maintain a fund, from fees, dues and assessments collected from its members, and from legacies, gifts and other sources, for the payment of such benefits and pensions . . . as may be authorized by the By-Laws". Article VI, section 6, of the by-laws provides that "The funds available for the payment of benefits and pensions shall include all fees, dues and assessments paid by the members; all interest on investments; and all other moneys received by the Association from any other source whatsoever".

For more than thirty years appellee was a member of the Wilkes-Barre Fire Department and of the appellant Association. Upon his retirement effective June 1, 1950, under the provisions of the by-laws of the Association then in effect, he became eligible for a pension of $100.00 per month which he received until July 1, 1952. On June 3, 1952, by vote of the active members (those who were not retired), a resolution was adopted by the Association reducing all pension payments and benefits by thirty percent. Consequently, appellee's pension was cut from $100.00 to $70.00 per month, effective July 1, 1952. Appellee's position is that the reduction in pension payments was improper, whereas appellant contends that it was justified in reducing appellee's and other pensions, inasmuch as the anticipated receipts were not expected to be sufficient to cover full pension payments for the balance of the year 1952.

There is no substantial dispute as to the facts. On January 1, 1952, the net worth of appellant corporation was $182,958.95. During that year the receipts from all sources, including interest on investments, repayment of loans, State appropriation, City appropriation, contributions, and profit from the Firemen's Ball, amounted to $100,087.92. Of this amount $46,-

621.92 was repayment of principal on outstanding loans. Cash on hand at the end of the year amounted to $23,184.49. In addition, the corporation held securities, mortgages and notes and accounts receivable in the amount of $156,270.71. Thus the net worth of the corporation at the end of the year was $179,455.20 or $3,503.75 less than at the beginning of the year. Essentially, appellant's contention is that, under its charter and by-laws, it cannot use its capital structure to pay pensions.

The distinction between beneficial societies and insurance companies is set forth in the frequently quoted language of Mr. Justice CLARK in *Commonwealth v. Equitable Beneficial Association,* 137 Pa. 412, 18 A. 1112 as follows:

"As the law plainly recognizes the existence of beneficial societies, as distinguished from insurance companies, and provides for their incorporation as such, it is proper that we should determine what is meant by 'a society for beneficial or protective purposes', and in what respects it may be said to differ from an insurance company . . . To grant indemnity or security against loss, for a consideration, is not only the design and purpose of an insurance company, but is also the dominant and characteristic feature of the contract of insurance.

"What is known as a beneficial association, however, has a wholly different object and purpose in view. The great underlying purpose of the organization is not to indemnify or to secure against loss: its design is to accumulate a fund from the contributions of its members, 'for beneficial or protective purposes,' to be used in their own aid or relief, in the misfortunes of sickness, injury, or death. The benefits, although secured by contract, and for that reason to a limited

extent assimilated to the proceeds of insurance, are not so considered".

A beneficial association is not required to keep a reserve fund sufficient to meet its probable liabilities. Such an association is not insolvent in the legal sense if it is able to pay its debts in the ordinary or usual course of its business as they fall due: *Taylor v. Order of Sparta,* 254 Pa. 556, 99 A. 157. There is nothing in the law that requires a beneficial society to be actuarially solvent: *Commonwealth v. Ministers Protective Society,* 294 Pa. 6, 143 A. 232. The charter and by-laws of a beneficial association must be interpreted liberally in order to effectuate its purpose, and should be construed strongly in favor of the beneficiaries and against the association: *Vernon v. Firemen's Pension Fund,* 160 Pa. 617, 52 A. 2d 199.

It should be noted that Article VI, section 6, of the by-laws does not limit pension payments to receipts from fees, dues and assessments, or to interest on investments. It expressly provides that "all other moneys received by the Association from any other source whatsoever" shall be so used. While appellant's argument, that once money has been applied to the capital structure of the Association it is not thereafter available for benefit payments, may be sound economically, it cannot be here invoked. The purpose of the Corporation is the maintenance of a fund for the payment of benefits and pensions. The charter nowhere limits the payment of benefits to the income from such a fund, but clearly states that the fund itself is to be maintained for such purposes. Furthermore, in Article V of the by-laws dealing with investments we find in section 2 that "All moneys received by the Association from legacies and gifts shall be invested and shall be applicable to the payment of benefits and pensions". Here again there is no limitation to the income from such investments,

but the fund created is expressly made available for the payment of pensions. As we construe the contract established by the charter and by-laws, appellant Association received and was possessed of adequate funds from which appellee's pension should have been paid in full. Surpluses accumulated in years when income exceeded expenses were applied to the capital structure. It would appear only proper that, in a year when the income fell below expenses, a part of the proceeds of the lush years should be applied to the very purposes for which the association was formed.

Appellant relies strongly upon *St. Patrick's Male Beneficial Society v. McVey*, 92 Pa. 510, in which, because of imminent insolvency, a resolution was adopted suspending benefits to sick members. After the adoption of the resolution a member became sick and was denied recovery. But that case is not controlling where the member had previously become entitled to benefits, and it was so distinguished in *Becker v. Berlin Beneficial Society*, 144 Pa. 232, 22 A. 699. A change in the by-laws cannot reduce benefits which had theretofore acquired the status of fixed rights: *Marshall v. Pilots Association*, 206 Pa. 182, 55 A. 916. This doctrine was restated and approved in *Kane v. Policemen's Relief and Pension Fund*, 336 Pa. 540, 9 A. 2d 739. We had occasion to consider a somewhat similar factual situation in *Premuzic v. Croatian Fraternal Union*, 122 Pa. Superior Ct. 443, 186 A. 311. It was there held, after a thorough review of the applicable decisions, that a beneficial society which becomes liable for benefits at a rate then fixed by its by-laws cannot subsequently amend the by-laws so as to reduce the amount of the benefits.

Judgment affirmed.