## Leatherman, et al., *v.* Wolf, et al., Appellants.

*Unincorporated associations—Trust funds—Amendment of by-laws—Change of object of trust—Diversion of funds.*

1. An unincorporated society, which provides in its articles of association for the alteration thereof by the agreement of less than the entire membership of the association, may proceed to amend its by-laws in accordance with such provision, and all members of the society will thereafter be bound by the change in its fundamental law, so far as future operation is concerned.

2. Where, however, a society has been organized for the purpose of raising funds for a specific charity, and has raised funds for that purpose, a lawful amendment of the by-laws providing for the collection and disbursement of funds for a different charity in the future, does not justify the society, even with the consent of a large majority of its members, in diverting the funds from the purpose for which they were raised to a different purpose.

3. Where it appeared that an unincorporated association had raised funds for the support of a national orphans' home, and after an amendment of its by-laws proceeded to raise funds for an orphans' home for the support of children of its own members, it cannot apply the funds raised for the former purpose to the latter. Equity will order the funds to be paid over to the use of the charity for which they were originally accumulated.

Argued March 24, 1913. Appeal, No. 402, Jan. T., 1912, by defendants from decree of C. P. No. 4, Philadelphia Co., Dec. T., 1910, No. 1039, ordering transfer of funds in case of Erwin E. Leatherman and Charles S. Wallace, representatives and on behalf of the members constituting the John E. Armstrong Council of the Junior Order United American Mechanics, and on behalf of other representatives and councils who are desirous to join, and on behalf of the members constituting the Junior Order United American Mechanics' National Orphans' Home Association of the Eastern District of Pennsylvania v. Frank Wolf, president; Harry Walker, vice president; John R. McKelvey, secretary; George Sauter, treasurer, officers and members of the Junior

Order United American Mechanics' Orphans' Home Association of the Eastern District of Pennsylvania not connected with the National Council, and such other officers, individuals and members as may be necessary to be made defendants herein: Andrew G. Wirth, formerly treasurer of the Junior Order United American Mechanics' National Orphans' Home Association of the Eastern District of Pennsylvania, and the Farmers' and Mechanics' National Bank. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity by members of an Orphans' Home Association against the officers thereof to control the use of funds.

AUDENRIED, J., filed the following findings of fact and conclusions of law:

The plaintiffs aver that they are members of an unincorporated society formed under the name of the Junior Order United American Mechanics' National Orphans' Home Association of the Eastern District of Pennsylvania; that certain funds have been raised by this society for the aid and support of a home for orphan children maintained by the National Council of the Junior Order United American Mechanics at Tiffin, Ohio, a portion of which consists of cash on deposit with the defendant the Farmers' and Mechanics' National Bank and another portion of which is invested in a mortgage held by the defendant Andrew G. Wirth, formerly the treasurer of the society; that the other defendants are officers of the society and have joined with sundry other members in an unlawful effort to divert the fund above mentioned from its proper purpose through the device of changing the name of the society and amending the provisions of its by-laws in respect to the purpose for which its members are associated. The bill prays that the funds above referred to be decreed to be subject to a trust for application only to the aid and support of the National Orphans' Home, at Tiffin, Ohio; that the de-

fendants be enjoined from applying it to any other purpose or paying it over to any persons other than members of the Junior Order United American Mechanics' National Orphans' Home Association of the Eastern District of Pennsylvania; that it be decreed that the right to administer said fund is vested in such members only of the association aforesaid as are willing to assist the National Orphans' Home at Tiffin, Ohio; that the defendants be required to account for and deliver said fund to the complainants and those members of the said society associated with them for the purpose of the Orphans' Home aforesaid; and for such other relief as the court may deem meet and necessary.

The answer of the defendants avers that the fund raised by the association was collected not upon the trust that it should be applied to the benefit of the National Orphans' Home at Tiffin, Ohio, exclusively, but upon the understanding that, while it might be so applied, it should be subject to the disposition determined upon by the majority of the members of the association, acting under its by-laws. It admits that the majority of the members of the society are opposed to the payment of the whole or any part of the fund in its hands to the National Orphans' Home above mentioned and prefer to use it for the support of the orphans of former members of councils at any time contributing thereto and the orphans of such other persons as were or are in affiliation therewith. It is averred that this application of the funds in the hands of the society is in accordance with its by-laws as now amended and is, therefore, not unlawful.

The case was tried on bill, answer, replication and proofs.

### FINDINGS OF FACT.

1. The Junior Order United American Mechanics is a secret society formed for fraternal and beneficial purposes, which has branches throughout the United States.

Its governing body is known as the National Council. Its members in the State of Pennsylvania are organized in bodies known as councils which are subordinate to the control, in certain respects, of a representative intermediate governing body known as the State Council. The National Council of the order is incorporated. One of the purposes of its organization as expressed in its charter application is the promotion and maintenance of a national orphans' home, and to carry out this purpose is undoubtedly one of the objects at which the order aims. In pursuance of this purpose the National Council has established and now maintains an institution known as the National Orphans' Home, at Tiffin, Ohio. To this, under certain rules and regulations, are admitted children of deceased members of the order from all parts of the country.

2. About September, 1906, there was formed an unincorporated society known originally as the Junior Order United American Mechanics' National Orphans' Home Association of the Eastern District of Pennsylvania. By-laws were adopted by those who organized it. These provide for its name and set forth the purpose that its members had in mind in associating themselves together. The latter are defined as the raising of funds for and assisting in every way possible the National Orphans' Home at Tiffin, Ohio; the holding of annual outings and entertainments for the purpose of raising funds for the orphans' home; and the promotion of fraternity and sociability among the members of the Junior Order United American Mechanics and their families. None can become members of the association who are not members of the order. Members of the association are of two classes. One class consists of those who have "a voice but no vote" in the management of its affairs. Qualification for such membership depends on good standing in the order and the payment of annual dues amounting to fifty cents. These are called social members and there are about half a dozen of them. The

voting membership is made up of duly accredited representatives of the various councils of the order that desire to partake in the work of the association.

3. The plaintiffs, Erwin E. Leatherman and Charles S. Wallace, are members in good standing in the society mentioned in the last paragraph.

4. From the time of its organization until the fall of 1910 the officers and members of this society were active and unremitting in their efforts to raise money for the benefits of the National Orphans' Home established by the order at Tiffin, Ohio. Long appeals were addressed to the various councils of the order to send delegates to join the society, and to secure the co-operation and assistance of their members in the work that the society had taken up in the interest of the National Orphans' Home. In response to these appeals many contributions were received by the society. The money sent in was raised by the giving of block parties, the getting up of excursions, collections on punch cards, the sale of souvenir postals, the giving of dances and concerts, raffles and the sale of certificates of generosity and honorable mention in the society's archives. The certificates just referred to contained a picture representing the National Orphans' Home at Tiffin. So did the souvenir postal cards that were sold, and the society's annual reports. The cabbage that was raffled came from the grounds of the Home at Tiffin, and this fact was made the basis of the request to buy chances on it. The burden of the society's appeal for contributions was that it "was organized for the purpose of raising sufficient funds to erect a suitable building at the home in Tiffin, Ohio, as a monument to the Juniors from the district which gave birth to the noble order," and all were urged to join in the furtherance of this object. There can be no doubt that it was the intention of the officers and members of the society as well as of the individuals and councils contributing to the fund raised by the society that the money gathered should be used

for the benefit of the orphans' home established at Tiffin by the national council. While it is true that the promotion of fraternity and sociability among the members of the Junior Order United American Mechanics was one of the objects of the members when the society was formed, this object became a secondary one, and the entertainments given under the society's auspices were all promoted for the sake of raising money for the orphanage at Tiffin.

5. The money received by the society in the manner above mentioned, between the date of its formation and December 4, 1911, aggregated $2,487.49. This sum has since been increased by the interest accruing on the mortgage in which $1,600 of it is invested. Out of the fund there has been paid for postage, printing and other expenses conceded by the plaintiffs to be legitimate, $192.23. There has been applied to the payment of counsel fees for defending these proceedings the sum of $200.00, and the further sum of $50.00 has been laid out to meet other expenses connected with the case. The sum of $1,600.00 is invested in the name of Andrew G. Wirth, formerly treasurer of the society, in a mortgage secured on property known as No. 2567 North Marston street, in the City of Philadelphia. The remainder of the money raised as aforesaid and unexpended is deposited with the Farmers' and Mechanics' National Bank of that city.

6. As the result of dissensions in the order between the State Council of Pennsylvania and the National Council an attempt was made at a meeting of the society on October 8, 1910, by certain of its members who supported the cause of the State Council to amend the society's by-laws by changing its name to the Junior Order United American Mechanics' Orphans' Home Association of the Eastern District of Pennsylvania, and substituting the Orphans' Home of the State Council of Pennsylvania for the National Orphans' Home at Tiffin, Ohio, as the subject of the society's charitable ac-

tivity. Another change, relating to the qualification for membership, was agreed upon, but the question as to when it should become effective was postponed until the next meeting. No notice had been given to the members that these amendments would be proposed, and it seems to have been regarded that their adoption at this meeting was without effect. It was, however, apparent to the plaintiffs and those associated with them in supporting the cause of the National Council that a plan had been formed to divert the fund in the society's possession from the use of the beneficiary for which it had been raised, and on December 9, 1910, this bill was filed for the purpose of restraining the contemplated diversion. Subsequently, at a meeting held on January 14, 1911, after notice to all members of the society of the amendments proposed to be made to its by-laws, it was resolved by the vote of more than two-thirds of the members present that Sections 1 and 2 of Article II of the by-laws, which treat of the objects of the society, should be amended so as to read as follows:

"Section 1. First.—To raise funds for and assist in every way possible the orphans of former members of councils at any time contributing thereto and the orphans of such other persons as were or are in affiliation therewith in such way and manner as to the said association may seem meet.

"Section 2. Second.—To hold annual outings and entertainments for the purpose of raising additional funds for the same purpose."

By the same vote it was resolved that Section 1 of Article I of the by-laws should be amended so as to read as follows:

"Section 1. The association shall be known as the Jr. O. U. A. M. Orphans' Association of the Eastern District of Pennsylvania." It was recited by the preamble of the resolution for the amendment of Article II that "it is the desire of the members of the J. O. U. A. M. to change the objects of the association, whereby the funds

now accumulated and the funds which may hereafter be received shall be applied to promote fraternity and sociability among the members of the J. O. U. A. M. and to raise funds to assist the orphans of former members of councils of the said order, whereby said order shall be benefited in the Eastern District of Pennsylvania.

7. The defendant Frank Wolf is president of the society; the defendant Harry Walker its vice-president; the defendant John R. McKelvey its secretary; and the defendant George Sauter its treasurer.

### CONCLUSIONS OF LAW.

1. An unincorporated society is in many respects similar to a partnership. The only bond that unites its members is their contract of association. As the consent of all parties to a contract is essential to its modification, so, in the absence of express provision to the contrary, the by-laws of such a society which set forth the terms upon which its members have agreed to become associated, cannot be altered or amended without the consent of all of them. It is competent, however, for its members to provide in their articles of association for the alteration thereof by the agreement of less than all of their number, and such a term will be enforceable just as any other article in their fundamental contract, subject only to the limitation that the by-laws shall not be changed in such a manner as to be unreasonable.

2. The by-laws of the society with which this litigation is concerned contain an article that provides for their amendment at any regular meeting by a vote of two-thirds of the members present. The amendment of the by-laws with respect to anything included in them was, therefore, entirely lawful, provided that their requirements in respect to amendment were complied with, and provided that the by-laws as amended should not be unreasonable. It is conceded that the regularity

of the proceedings under which the amendments adopted at the meeting of January 14, 1911, were effected cannot be questioned.    There is nothing unreasonable in the change of the object that the association is to be continued to accomplish or bring about, nor, in view of this can any sound objection be raised to the society's change of name.    The amendments to its by-laws adopted at the meeting just mentioned were entirely lawful so far as their future operation is concerned.

3. The money that the society accumulated prior to the amendment of its by-laws was raised for a specific purpose by its officers and members and donated for that purpose by its contributors within and without the society.    It is, therefore, impressed with and held upon the trust that it shall be so applied.    The society holds it as a trustee and can no more divert the fund from the use for which it was raised than any other trustee could.    If, as has happened, the members of the society undertake to divert the fund to some other purpose, equity will raise up another trustee to administer it and apply it according to the intention of the original donors or subscribers: Schnorr's App., 67 Pa. 138.

4. The beneficiary for whose use the fund in the hands of the society or its officers was raised is the National Orphans' Home established by the National Council of the Junior Order United American Mechanics, at Tiffin, Ohio.    While it appears that some of the appeals on which the society raised this money indicated a vague purpose of applying it to the increase of the "housing capacity" of the orphanage, the evidence is insufficient to warrant a finding that the fund in hand must be applied to that particular use, and there is no evidence that it was intended that the society should have a discretionary power to determine in what manner the money collected should be applied for the benefit of the National Orphans' Home.    It was never intended that any portion of this money should be used in defraying the cost of resisting interference with its diversion from

the purposes for which it was contributed. The appropriation of the sum of $250 by the society to pay counsel and defray other expenses of this litigation was, therefore, plainly unlawful.

5. There is no reason why the fund raised by the society should remain in the hands of either of its contending factions. It is not impossible that, if the bone of contention be removed from the reach of both parties, their strife will cease. Interest republicae ut sit finis litium. The fund was raised for the National Orphans' Home at Tiffin, Ohio. To that institution it ought to go at once. The defendants do not care to have more to do with the Tiffin orphanage because it was established and is maintained by the National Council, and they have plainly manifested an intention to make an unlawful use of the fund in their hands. They must, therefore, be relieved of the care of it, and will, doubtless, be rejoiced thus to be saved from continued contact with inimical parties. The plaintiffs for themselves and their associates claim that this fund must be used for the benefit of the National Orphans' Home. They will not, therefore, object to seeing it safe on its way to Tiffin, Ohio, and will, without doubt, congratulate themselves that they and their friends are to be spared from the trouble and responsibility of "administering it."

6. Under their prayer for general relief, the plaintiffs are entitled to a decree that defendants, Frank Wolf, Harry Walker, John R. McKelvey and George Sauter, as officers of the unincorporated society, now known as the "Junior Order United American Mechanics of the Eastern District of Pennsylvania not connected with the National Council," and their successors in office, shall forthwith turn over to any duly accredited representative of the trustees of the National Orphans' Home at Tiffin, Ohio, for the use of said orphanage, all cash, bank deposits and investments representing the sum of $2,-295.26, accumulated by that society prior to January 14, 1911, with the accretions of interest thereon, and with-

out deduction of the sum of $250.00 heretofore paid therefrom for expenses and counsel fees in the conduct of this proceeding; that the Farmers' and Mechanics' National Bank, and Andrew G. Wirth, former treasurer of the society, shall do whatever may be requisite on their part to facilitate the transfer to the representative of the trustees of the said National Orphans' Home of such of the society's fund as may be in their custody; and that the costs of this cause shall be paid by the said Frank Wolf, Harry Walker, John R. McKelvey and George Sauter.

The prothonotary is directed to enter a decree nisi in accordance with the foregoing findings and to notify counsel forthwith of the entry thereof. Unless within ten days after such notice exceptions to the findings are filed, a final decree will be entered conforming to that above outlined.

The court made a decree accordingly. Defendants appealed.

*Errors assigned* were various rulings on facts and law and the decree of the court.

*Alex. M. DeHaven,* for appellants.—The fund in question is a charitable trust for the benefit of the orphans of deceased members, and not for the sole use and benefit of the National Orphans' Home at Tiffin: Fisher's App., 162 Pa. 232; In re Lower Dublin Academy, 8 W. N. C. 564; In re Petition of the City of Philadelphia, 2 Brewst. 462.

The evidence was sufficient to warrant the trial judge in finding that it was the intention of the association to erect a building for the benefit of the orphans of deceased members.

*Frederick J. Shoyer,* with him *Henry Arronson,* for appellees.—The fund in question was raised for the benefit of the National Orphans' Home at Tiffin, Ohio:

People v. Steele, 2 Barb. (N. Y.) 397.; Hale v. Everett, 53 N. H. 9, 70.

Findings of facts by trial judge in equity case will not be reversed in absence of manifest error: Newman v. Shreve, 235 Pa. 450.; Clovis v. Price, 233 Pa. 395.

Cy-pres. doctrine is not applicable: 6 Cyc. 963; Philadelphia v. Girard, 45 Pa. 9.

If the right to alter or change Articles I, II, III, IV, V, VI and VII of the by-laws was ever intended by Section 6 of Clause VIII, only such changes or alterations were intended which were merely regulative, and not destructive of the fundamental compact.

A general reservation of power to make changes in the laws refers to changes in the organization generally, and the changes to be binding must be in harmony with the objects of the society: Wright v. Minn. Mut. Life Ins. Co., 193 U. S. 657 (24 Sup. Ct. Repr. 549); Chambers v. Supreme Tent, 200 Pa. 244; Kaufman v. Nat. Protec. Legion, 45 Pa. Superior Ct. 560; Zabriskie v. Railroad Co., 18 N. J. Eq. 178; Parish v. N. Y. Produce Exch., 60 N. Y. App. 11, 169 N. Y. 34; Modern Woodmen v. Wieland, 109 Ill. App. 340; Van Atton v. Modern Brotherhood, 108 N. W. Repr. (Iowa) 313; Kablitzer v. Goodhue, 52 W. Va. 435 (44 S. E. Repr. 264); Mason v. Finch, 28 Mich. 282; Union Ben. Soc. v. Martin, 113 Ky. 25 (67 S. W. Repr. 38); Penfield v. Skinner, 11 Vt. 296.

The authorities fully affirm and sustain the doctrine that members have neither right nor power to divert the funds and property of their lodge or society from the source or specific purpose to which, under the rules and laws of the society, the same have been dedicated: Stadler v. Bnai Brith, 5 Ohio Dec. (Reprint) 221; McFadden v. Murphy, 149 Mass. 341 (21 N. E. Repr. 868); Clark v. Brown, 108 S. W. Repr. (Tex.) 421; Koerner Lodge v. Knights of Pythias, 146 Ind. 639; State Council v. Sharp, 38 N. J. Eq. 24; Schubert Lodge v. Schubert, Etc., Verein, 56 N. J. Eq. 78 (38 Atl. Repr. 347);

Knights of Pythias v. Germania Lodge, 56 N. J. Eq. 63 (38 Atl. Repr. 341); Abels v. McKeen, 18 N. J. Eq. 462; Brendle v. German, Etc., Cong., 33 Pa. 415; McGinnis v. Watson, 41 Pa. 9; Gorman v. O'Connor, 155 Pa. 239; Krecker v. Shirey, 163 Pa. 534.

PER CURIAM, May 5, 1913:

Among the facts found by the court below is the following: "There can be no doubt that it was the intention of the officers and members of the society as well as of the individuals and councils contributing to the fund raised by the society that the money gathered should be used for the benefit of the orphans' home established at Tiffin by the National Council. While it is true that the promotion of fraternity and sociability among the members of the Junior Order United American Mechanics was one of the objects of the members when the society was formed, this object became a secondary one, and the entertainments given under the society's auspices were all promoted for the sake of raising money for the orphanage at Tiffin." Though this finding is assigned as error, we have not been persuaded that it ought to be disturbed. On it and the remaining facts found by the learned chancellor below he reached correct legal conclusions, and on them the decree is affirmed.

Appeal dismissed at appellants' costs.