Carpenter, Admr., Appellant, *v.* Pennsylvania Railroad Employees Provident and Loan Association et al.

Argued December 1, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Abraham L. Freedman*, with him *Hyman A. Guth,* for appellant.

*Charles Myers*, of *Barnes, Biddle & Myers*, with him *Joseph A. McGinnis,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 11, 1937:

John Daisley, decedent, an employee of the Pennsylvania Railroad Company, became a member of its Employees Provident and Loan Association. The purposes of this organization were the encouragement of thrift

among its members by systematic savings and to provide a means whereby the members could borrow money to purchase pensions or stock in the Company. Decedent's application for membership provided: ". . . in the event of my death, unless I shall otherwise designate in writing, I name as my beneficiary, to receive such sums as may then stand to my credit, my daughter, Marian Daisley."

The regulations of the association gave its members the right to withdraw a part or all of the funds in the association and the right to change the beneficiary at any time. Other regulations provided that membership therein should cease upon termination of employment by the Pennsylvania Railroad Company and that payment of any amount due the member should be made as thereafter provided. The relevant provision regarding payment reads: "Membership in the Association shall terminate when the member ceases to be employed by The Pennsylvania Railroad Company or any Company embraced in its System, whereupon payment shall be made to such former member, if living, of the amount credited to his saving account, together with interest thereon to date of such termination of membership."

In May of 1927 decedent's employment terminated when he was pensioned. He continued to make deposits in the association until his death in February, 1936, when the sum to his credit amounted to $19,904.49. His administrator filed this bill in equity against the association and Marian Daisley, the beneficiary, claiming this money. Preliminary objections to the bill were sustained, and this appeal was taken.

We are not called upon to decide under what theory of law the daughter of decedent would have taken these funds had there been no claim to them by the administrator, although her claim is sustainable either under the theory of contract or will. It is in the nature of a contract for the benefit of a third party as donee beneficiary, with a reservation of the power to change the beneficiary

or otherwise vary the terms of a gift. See Restatement of Contracts, Section 142 and Comment (a). Appellant, however, does not contend that Marian Daisley was not initially entitled to the funds by virtue of her appointment as beneficiary, but proceeds on the theory that on termination of decedent's employment by the Pennsylvania Railroad Company the regulations of the association took away her right. Unless by act of decedent or by reason of the rules of the association, the right of the beneficiary is found to be thus terminated, the order of the court below must be sustained.

In *Reiff's Estate,* 16 Pa. Superior Ct. 80, the right to funds in the same organization was in dispute. There also the administrator of the deceased member claimed them as against the appointee of the decedent. It was there asserted that the decedent's will which provided "superseding all previous instruments of prior date" acted as a revocation of his appointment. In holding to the contrary, the court stated: "The beneficiary did not have any vested interest in the contract or designation until the death of the depositor, at which time it became a valid trust, based on the unrevoked designation. This designation, under the rules of the fund, can be revoked only by a direct act, and the meaningless clause in the will—superseding all previous instruments—is not a sufficient retraction of the depositor's intention to change the beneficiary."

There is no indication in the present case that decedent contemplated or intended that the termination of his employment was to cancel the appointment of Marian Daisley as the party entitled to the fund upon his death. On the contrary his continuation of the deposits thereafter while the daughter continued as the named beneficiary, and his failure to exercise the reserved right of revocation clearly show his intention that the fund should go to her upon his death.

The association undoubtedly had the power by virtue of its regulations to completely sever the relationship

between it and decedent by paying him the amount then on deposit, but its failure to exercise this right amounts to a waiver thereof, at least so far as the present appellant is affected. None of the rules of the association gave it authority to revoke the designation of the beneficiary by decedent. Conceding that the funds were payable upon loss of membership, the association never exercised the power of terminating the beneficiary's right to the fund, created by the membership certificate, by payment of the fund. Both the decedent and the Association apparently sought to maintain the status quo; the one by the deposit of money, the other by its receipt. There was no definite action which took these funds out of the course into which the decedent had directed them. The regulation itself, without some other action is insufficient to achieve that result. It is the administrator and not the association who contends that the termination of employment, ipso facto, terminated the daughter's right to the fund. Decedent's application does not, however, limit his appointment or condition it upon the continuance of his employment. Conceding that the decedent could have withdrawn the funds or that the association could have forwarded them to him, this was not done. The situation is analogous to a power of revocation reserved in a trust which, when not exercised, has been stated by this court to be as if never existed. In *Reiff's Estate,* supra, the court stated: "In this case the depositor did not exercise his right to revoke the designation of his wife as beneficiary, and a power of revocation which is not exercised stands as if it never existed: *Dickerson's Appeal,* 115 Pa. 198; *Lines v. Lines,* 142 Pa. 167; *Estate of Thomas Smith,* 144 Pa. 428; *Gaffney's Estate,* 146 Pa. 49."

The conclusion follows that nothing appears to change or vary the disposition of this fund which the decedent indicated when he first applied for membership.

Judgment affirmed.