Opinion by
Keller, P. J.,
Action in assumpsit by the administratrix of a decedent to recover his savings credit or balance in the Pennsylvania Railroad Employes’ Provident and Loan Association, of which the decedent had been a member.
Preston L. Ebersole, the decedent, was an employee in the active service of the Pennsylvania Railroad, and during such employment applied for membership ,in said' association, stating in his written application therefor, “In the event of my death, unless I shall otherwise designate in writing, on the prescribed form, I name as my beneficiary, to receive such sums as may then stand to my credit, Ranson L. Ebersole, whose relation to me is Brother.”
Preston L. Ebersole died on May 5, 1940. At the time of his death the sum of $240.15 was standing to his credit in said association.
On May 16, 1940, his widow, Jessie Ebersole, was granted letters of administration on his estate and made demand on the association for the payment of the amount standing to his credit to her, which the association refused.
She, thereupon, brought this action.
Plaintiff’s statement as originally filed did not make out a case, and, if an affidavit of defense raising a question of lav/ had been filed, must have been held insufficient, for it averred that decedent’s brother, Ranson L. Ebersole, had been named beneficiary of the saving fund, and alleged nothing that justified its payment to anybody else.
Defendant filed an affidavit of defense setting forth a certain regulation of the association, which, it contended, governed the action, as follows:
“Article X......sec. 9. In case of death of a member, and upon presentation of satisfactory proof thereof to the Secretary of the Association, the amount credited to the saving account of such member, together with in-, terest thereon, shall be paid to the designated benefi *8 clary, if living, otherwise to the legal representatives of the deceased member.”
Following this, plaintiff filed an amended statement setting forth as follows:
“That decedent having retired, and thereby having ceased to be employed by the Pennsylvania Railroad Company — and whereupon, as per paragraph XI — on page 4, of the Deposit Book of the said Pennsylvania Railroad Employes’ Provident and Loan Association, reading: ‘payment shall be made to such former member, if living, of the amount credited to his saving account, together with the interest thereon, to date of such termination of membership,’ — decedent sent in to the Pennsylvania Railroad Employes’ Provident- and Loan Association his Deposit Book No. 63031, that said payment might be made to him, but that prior to said payment being able to be made, he suddenly died from a heart attack.”[1]
At the trial, the plaintiff failed to prove the averments in the amended statement. There was no evidence showing when Preston Ebersole retired from the railroad service; no evidence that he sent in his deposit book to the association in order that payment of the amount due him might be made to him, or that he requested such payment to be made to him; no evidence that he ever designated any other beneficiary in place of his brother or that his brother was not living when the decedent died.
The court rejected a number of offers to prove an intention on the decedent’s part to send in his deposit book and get his savings account, but none of them *9 contained any offer to prove that that intention had been carried out or was ever communicated to the association, or that demand had ever been made by the decedent in his lifetime for the balance due in the account.
The offers were properly rejected.
The court directed a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.
The case was correctly decided under the rulings of the Supreme Court and this Court in Carpenter, Admr. v. Penna. Railroad Employes’ Provident & Loan Assn., 324 Pa. 540, 543-4, 189 A. 469; and Reiff’s Estate, 16 Pa. Superior Ct. 80, 87, cases relating to this very association.
The defendant was not a mere stakeholder. It might very properly have become one by asking leave to pay the fund into court and for an interpleader issue between this plaintiff and decedent’s brother, who also claimed the fund. But if it saw fit not to take this step and preferred to run the risk and incur the expense of defending two lawsuits, it had a right to do so. It was its own lookout and it lost none of its legal rights by doing so.
The assignments of error are overruled and the order is affirmed.

 Paragraph XI, page 4 of decedent’s Deposit Book reads: “Termination of Membership. Membership in the Association shall terminate when the member ceases to be employed by the Pennsylvania Railroad Company or any Company embraced in its system, whereupon payment shall be made to such former member, if living, of the amount credited to his saving account, together with interest thereon to date of such termination of membership.”