Diskin et al. *v.* Philadelphia Police Pension Fund Assn., Appellant.

Argued September 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James Francis Ryan,* for appellant.

*George F. Douglas,* for appellees.

OPINION BY GUNTHER, J., November 22, 1950:

In this action in assumpsit The City of Philadelphia Police Pension Fund Association (hereinafter called Association) appeals from a judgment for appellees entered by the court below sitting without a jury in the amount of $2,269.10.

Martin Diskin was a member of appellant Association for a period of years prior to his resignation from the police department on April 30, 1948. On December 19, 1946, Diskin designated as beneficiaries the five appellees[1] who would be entitled to receive the amount

---

[1] They are: Mary E. Diskin, Honora A. Diskin, Eleanor M. Diskin, Thomas P. Diskin and Bridget Flanagan.

payable from the Association in the event of Diskin's death before receiving any pension payments. On April 30, 1948, Diskin resigned from the police department and applied to the Association for a pension. His application was approved on May 12, 1948, and on June 1, 1948, appellant mailed its check to him dated June 1, 1948, for the first month's pension. Although this check was received by Diskin, it was never endorsed, cashed or negotiated by him. Decedent returned to the Association for cancellation the designation of beneficiary certificate as he was required to do under the Association By-Laws. This certificate was received by the appellant on June 22, 1948. On June 27, 1948, Diskin died leaving the five beneficiaries surviving him. Appellant stopped payment on its check and in lieu thereof mailed to the named beneficiaries a check for $214.35. This amount represented a pension payable to Diskin's estate from the date of his separation, to wit, April 30, 1948, to the date of his death, June 27, 1948. The beneficiaries did not accept this second check which was later returned to appellant and cancelled, but instead made application upon forms furnished by appellant for a withdrawal payment of $2,269.10 representing total dues paid into the Association by Diskin. Appellant refused payment on the ground that Diskin had applied for a pension and had "received" the first pension payment representing pension for the first month.

The single question determinative of this appeal is whether the check of June 1, 1948, received by decedent but not endorsed, cashed or negotiated by him, payment of which was subsequently stopped by appellant, constituted a payment of the first installment of a pension to the decedent within the meaning of the by-laws of the Association.

The by-laws of the Association which are pertinent here provide as follows: "Article XI. Withdrawals Sec-

tion 1. Withdrawal payment right shall apply to any member of the Association who ceases to be an employe of the City of Philadelphia for any of the following causes: . . . (c) Upon the death of any member prior to becoming a pensioner or a pensioner *prior to receiving his first pension payment.* . . . Section 2. The amount of money to be withdrawn shall be the total amount of the dues paid into the Pension Fund by such employe . . . Withdrawal Termination Section 3. Any pensioner, once he received a pension payment, shall cease to have any right to the withdrawal privilege. Rights of Designated Beneficiaries Section 4. Upon the death of any member who has not received a pension payment . . . there shall be paid to the beneficiary or beneficiaries designated by him in accordance with these By-Laws the amount provided for in Section 2 of this Article. Upon making such payment, all liability of the Pension Fund to the beneficiaries, heirs or estate of the decedent member shall be discharged and terminated. Withdrawal Application Members or their beneficiaries, heirs or estate desiring to withdraw in accordance with these By-Laws, shall make application on a blank form . . ." (Italics supplied) Article X, Section 7, urged by appellant here as requiring a reversal of the judgment entered, provides: "Payments of pensions shall be by check, drawn to the order of the pensioner, but the Board of Directors shall have the power to permit the payment to an attorney in fact".

It is conceded, as it must be, that in the circumstances disclosed the by-laws govern the rights of the parties here involved. "As a general proposition the constitution and by-laws of a voluntary association constitute the compact which binds its members together and the law by which they are to be governed: Manning v. Klein et al., 1 Pa. Superior Ct. 210, 216. The by-laws constitute the contract of association of its members: Leatherman et al. v. Wolf et al., 240 Pa. 557,

564, 88 A. 17. The by-laws are rules or laws adopted by a corporation or association for the regulation of its own action and concerns, and of the rights and duties of its members among themselves: Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142, 148; Gordon et al. v. Tomei et al., 144 Pa. Superior Ct. 449, 457, 19 A. 2d 588. Thus, the by-laws of appellant association gave expression to the terms of the contract made by and between the association and its members. . . . As to such relatives of a deceased member, the agreement between the association and the member, as expressed by the by-laws, was in the nature of a contract for the benefit of a third party as donee beneficiary. See, Carpenter, Admr. v. Emp. P. & L. Assn., 324 Pa. 540, 189 A. 469." *Linaka v. Firemen's Pension Fund of Philadelphia,* 149 Pa. Superior Ct. 458, 462, 463, 27 A. 2d 501. In light of these principles, it seems clear that Article X, Section 7 clearly provided that the means employed by appellant were proper, and that when the check was received by Martin Diskin payment within the contemplation of the by-laws (Article X, Section 7) occurred. While it has been held in many cases that a check is not a complete payment, ". . . but merely a conditional payment, defeasible upon nonpayment or dishonor", this is true only "in the absence of circumstances indicating a contrary intention": Cf. *Gerrard Co. v. Tradesmen's Bank,* 318 Pa. 100, 177 A. 760. That principle becomes inapplicable here since the by-laws here involved provide as between a pensioner and the Association payment of the pension shall be by check. Moreover, Martin Diskin recognized this to be a fact for shortly thereafter he returned for cancellation the Designation of Beneficiary slip to the Association after he received the check. By his own conduct, therefore, Martin Diskin accepted his pension payment, requested cancellation of the designation of any beneficiaries for withdrawal of his dues and thereby accepted payment

within the meaning of Article X, Section 7 of the by-laws. The court below therefore erred in concluding that Martin Diskin died "prior to receiving his first pension payment", and that appellees were entitled to with-draw "the total amount of the dues paid into the Pension Fund" by the deceased.

Judgment reversed and the cause remanded with instructions to enter judgment for appellees in an amount found to be due consistent with this opinion.