## McAnany v. City of Philadelphia Police Pension Fund Association

*Michael Saxe* and *Robert H. Arronson*, for plaintiff.
*James Francis Ryan*, for defendant.

CRUMLISH, J., October 15, 1954.—Is a nonrelative beneficiary, so designated in 1946, by a member of the City of Philadelphia Police Pension Fund Association, precluded from collecting death benefits of that member who died in 1950, when by amendment to the association bylaws in 1949, a nonrelative could no longer be named beneficiary?

That is the issue raised by this action in assumpsit which was tried before a judge without a jury.

The facts before the court are undisputed.

Plaintiff is Mary McAnany, who in 1946, was designated beneficiary of death benefits due Fred J. Doyle, a member of the City of Philadelphia Police Pension Fund Association in good standing from October 1936 until his death, November 14, 1950.

The defendant association has refused to recognize plaintiff's claim as beneficiary to Doyle's death benefits, for the reason that she was not in any way related to Doyle, and therefore does not come within the class of persons who may be designated as beneficiary under section 5 of the bylaws of the association, approved on December 9, 1949, which reads, inter alia:

"The person or persons who may be designated shall be only the *spouse, children, parents, sister, brother or grandchildren* of the member."

Defendant association was incorporated January 31, 1891. Its purpose, as set forth in the second clause of its certificate of incorporation, is as follows:

". . . to accumulate a fund from the dues of its members, from legacies, bequests, gifts and other sources in order that from this fund pensions may be paid to the members of the association, and to the

families of the deceased members, the amount of which pension, the circumstances under which they shall be paid, and the parties to whom they shall be paid, to be determined by the by-laws."

At the time Doyle applied for membership, article 1, sec. 2, of its bylaws provided:

". . . and all applicants shall agree that if admitted to membership they will abide and be governed not only by all of the provisions of the by-laws which shall be in force at the time of their admission to membership, but also by any amendments of or additions to the by-laws which may be subsequently adopted."

Until 1946 the bylaws contained no provision for withdrawal payments; the only provision was for payment of pension funds to individual members.

In January 1946 the association adopted article XI, entitled "Withdrawals", wherein provision was made for payment to the heirs or estate of a deceased member, the total amount of his dues, without interest, paid into the pension fund, provided said member had not received a pension payment. There was no restriction on who could be designated beneficiary. It was subsequent to this provision that Doyle, on December 17, 1946, named plaintiff as his sole beneficiary, and on the form provided by the association stated her relationship as "none". This form was received, approved and filed in the records of the association on December 31, 1946.

In November 1949, prior to the death of Doyle and while he was still a member of the association, ineligible for pension or withdrawal, the board of directors of the association adopted an amendment to article XI relative to withdrawals, designated as section 5, titled "Designation of Beneficiaries". The board then adopted the proposed amendment for submission to the members and their vote. Following regular procedure, delegates of the association submitted the pro-

posed amendment to all members of the association and notice of the same was given upon a bulletin board in each police station for 15 days; thereafter on December 9, 1949, a vote of the members in each police station was taken, and the amendment was approved by 4,041 to 8. The action of the membership was reported to the board of directors, and on December 16, 1949, section 5 was adopted as a bylaw of the association.

This amendment of 1949 provided that every member should sign a form in which should be designated his beneficiary, and as aforesaid specifically limited those who could be designated as "only the *spouse, children, parents, sister, brother or grandchildren* of the member."

Decedent Doyle made no change in his certificate designation of beneficiary to comply with the foregoing amendment. Still he remained a member in good standing until his death, and the association retained his 1946 certificate in its file. At his death, the sum of money paid into the pension fund by Doyle totaled $2,314.65. This is the sum plaintiff-beneficiary claims, together with interest thereon from November 1950.

Our first inquiry is directed to the effect of the 1949 amendment. Was it intended to be retroactive? As a general rule, bylaws do not operate retroactively unless the language is such as to allow no other reasonable construction: Linaka v. Firemen's Pension Fund of Philadelphia, 149 Pa. Superior Ct. 458-463 (1942). The language of the amendment here considered states, inter alia:

"Every member of this Association shall sign . . . a form provided . . . in which there shall be designated a person or persons to whom there shall be paid the amount provided for . . .". It then goes on to limit the class of beneficiaries as hereinbefore stated.

The specific provision, "every member shall sign",

would indicate it to be the intention of the governing body to have each individual execute a new form on which would be designated a beneficiary acceptable to the association. There is nothing in the amendment, however, invalidating prior certificates with named beneficiaries outside the newly designated classification.

In paragraph 3 of its answer, defendant avers the following:

". . . the fact that the designation of beneficiaries made by Fred J. Doyle was ineffective and in violation of the bylaws because plaintiff is not related to him and not within the permitted classes was called to the attention of Fred J. Doyle but he neglected and refused to make any other designation."

At trial respective counsel stipulated as follows:

"Notice was given of the proposed bylaw amendment in December 1949, . . . and the decedent Doyle never made any change in his certificate."

This stipulation does not constitute proof of defendant's foregoing averment and is insufficient to show the amendment was intended to be retroactive in its effect. Conversely, the retention by the association of Doyle's certificate after the 1949 amendment is strong evidence to support a finding that the amendment was prospective only. In determining whether or not Doyle's designation of plaintiff as his beneficiary was rendered invalid by this amendment, we apply the test given by Mr. Justice Horace Stern (now Chief Justice) in Diskin v. Philadelphia Police Pension Fund Association, 367 Pa. 273 (1951), wherein he stated:

"Even were it to be conceded that the provision in the by-laws . . . is susceptible of two different interpretations, . . . the construction most favorable to the pensioner and his beneficiaries must be the one adopted."

The construction most favorable to Doyle and his

beneficiary is to find the amendment was not intended to be retroactive. That we so conclude is equitable under all the circumstances of this case.

Should we assume arguendo, that the provision was intended to be retroactive, still the association must be deemed to have waived this provision as to Doyle since it did not terminate the relationship and cancel his 1946 certificate, which clearly designated plaintiff as a nonrelative beneficiary. See Carpenter, Admr., v. Pennsylvania Railroad Employees Provident and Loan Association et al., 324 Pa. 540 (1937).

The second inquiry we make is: What notice did Doyle actually receive of the adoption of the 1949 amendment? Referring to the stipulation aforementioned, it would appear, at first blush, that Doyle must have received some kind of notice, and he refused to change his designated beneficiary. The question that arises is, did the association inform Doyle that his 1946 designation of beneficiary was considered invalid after the 1949 amendment? The record is silent on this point. It was Doyle's obvious intent that plaintiff should benefit to the extent of his interest in the pension fund in the event of his untimely death. Had Doyle been made fully aware of defendant's interpretation of the effect of the amendment on his 1946 designation of beneficiary, it is reasonable to assume that Doyle would have taken some positive action in another way to fulfill his intention that plaintiff should be the recipient of these funds. The importance of this deficiency in the record cannot be overlooked. The association retained the name of plaintiff Mary McAnany in its file as the designated beneficiary of Doyle. There is no evidence that the association took steps to cancel that designation, or to abrogate the executed form, which had been duly accepted by it, on which plaintiff clearly appeared as a nonrelative beneficiary. Meanwhile, the association allowed Doyle to remain

a member in good standing, which we assume required continued regular payments into the fund by Doyle. Was not Doyle thus lulled into a sense of security as to plaintiff's ultimate right to his funds? Did not this course of conduct on the part of defendant deprive Doyle of the opportunity, in his lifetime, of making other arrangements to carry out his obvious intention of making Mary McAnany the object of his bounty? These questions are answered in the affirmative. It would be most inequitable and unjust to now allow the association to deny the validity of Doyle's designation of beneficiary, when there is not a scintilla of evidence that the association took such steps while Doyle was living. By its conduct the association is now estopped to deny the validity of decedent Doyle's designation.

It is well to point out that had Doyle attempted to designate a nonrelative beneficiary after the association had adopted the 1949 amendment, such designation would have been invalid and therefore void. As a member of the association, there is no doubt but that when executing any subsequent beneficiary form, he would have been bound to conform to the provisions of the 1949 revision to the bylaws: Moon v. Locomotive Engineers Insurance Association, 343 Pa. 472 (1942) ; Chambers v. Supreme Tent of the Knights of the Maccabees of the World, 200 Pa. 244 (1901) ; Willison v. Willison et al., 123 Pa. Superior Ct. 515 (1936).

The absence of proof of sufficient and proper notice to Doyle of the adoption and effect of the 1949 amendment; the association's continued retention, without objection, of Doyle's certificate naming plaintiff as a nonrelative beneficiary during his lifetime; the continued acceptance by the association of Doyle as a member in good standing until his death; all are circumstances which lead to the conclusion that the 1949

amendment did not invalidate Doyle's 1946 designation of plaintiff as his beneficiary.

Under the peculiar circumstances of this case, defendant was within its right in withholding payment pending an order of a court of competent jurisdiction adjudicating plaintiff's status. Therefore the claim for interest on the fund in question is disallowed.

Accordingly, the court finds for plaintiff, Mary McAnany, in the sum of $2,314.65, and against defendant, City of Philadelphia Police Pension Fund Association.