## Flemming Estate

*Harris C. Arnold* and *Thomas J. Harper, Jr.,* for personal representative.

*Harold W. Budding,* for claimant.

APPEL, *J.,* March 11, 1976—Lester L. Flemming, decedent, was a member of the "Dividend Dreamers Investment Club." By virtue of his membership, he was the owner of one share of the club.

The articles of agreement of the club contain provisions applicable upon the death of a member. Sections 4 and 5 of article VI thereof provide as follows:

"4.  Upon the death of any member in the Club, his share in the Club shall be liquidated and paid to his beneficiary in cash at the stated liquidating value at the meeting following the time of his death.

"5.  Each member shall file a letter with the Secretary giving instructions as to the distribution of the value of his shares in the Club in the event of his demise."

The authenticity of decedent's beneficiary designation is not in dispute. It is further recognized that the completed form was in the hands of the secretary when decedent died and that the value of decedent's share computed in accordance with the articles of agreement, referred to in the beneficiary designation as constitution and by-laws, is $2,758.91.

Decedent's personal representative asserts that the sum is an asset of the estate and is distributable in accordance with the provisions of decedent's will. The beneficiary, Rodney L. Flemming, contends that the designation is legally effective to entitle him to the proceeds.

The conclusion that the asset is part of the estate

is sought on the basis that the transaction constituted neither an inter vivos gift nor a testamentary disposition. It is suggested that the lack of delivery and the right to change the beneficiary are inconsistent with an inter vivos gift. As to there having been no testamentary disposition, it is asserted that there is an absence of testamentary intent.

The designated beneficiary's claim is based on the argument that a contractual relationship existed between the members of the club and that he was a third-party beneficiary of the right to decedent's share.

The articles of agreement, constitution and by-laws, by whatever name the instruments are called, establish a contractual relationship between the members of a club or unincorporated association. This is evident from the discussion in Gordon v. Tomei, 144 Pa. Superior Ct. 449, 457, 19 A. 2d 588 (1941), as follows:

"The by-laws of a corporation have been called 'its private statutes for its own government, unless contrary to the laws of the land': Bagley v. Reno Oil Co., 201 Pa. 78, at page 80, 50 A. 760, at page 761. Those of an unincorporated association have been said to be the contract of association of its members. Leatherman et al. v. Wolf et al., 240 Pa. 557, 564, 88 A. 17. In Manning v. Klein et al., 1 Pa. Superior Ct. 210, at page 216, this court said: 'It is undoubtedly true as a general proposition that the constitution and by-laws of a voluntary association constitute the compact which binds its members together and the law by which they are to be governed.' In Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142, at page 148, we adopted the following definition: '"A by-law is a rule or law adopted by a corporation or association for the regu-

lation of its own action and concerns, and of the rights and duties of its members among themselves." Am. & Eng. Ency. of Law, vol. 5, p. 87. "This term (by-law) has a peculiar and limited signification, being used to designate the orders and regulations which a corporation, as one of its legal incidents, has power to make, and which is usually exercised to regulate its own action and concerns, and the rights and duties of its members amongst themselves."' Also in that case we said (p. 149): 'Again the by-laws, rules and regulations of a corporation or society are essentially legislative in their character.'"

From this discussion, it may be concluded that the members of the "Dividend Dreamers Investment Club" established the contract of association between themselves when they adopted the instrument which is titled "Articles of Agreement." As a member, Lester L. Flemming was bound by its provisions. He was also entitled to the rights therein contained. Relying thereon, he performed everything required thereby to designate a beneficiary.

The next question is whether the beneficiary, Rodney L. Flemming, was thereby entitled to receive that which he was designated to receive. In Horstman Est., 398 Pa. 506, 159 A. 2d 514 (1960) the court held that the surviving co-owner of Series E Bonds is the sole owner thereof as a third-party beneficiary of the contract between the bond purchaser and the United States Government. Mr. Justice, now Chief Justice, Jones, speaking for the court, said:

"The question involved is whether, by virtue of the United States Treasury regulations governing the issuance of these savings bonds, decedent's

registration of each of the bonds in the name of herself or another named person passed a valid property interest in the bond to such other named person?"

The majority view which was adopted by the court was stated to take "the position that the question involved is not one of gift, but rather of contract and that the federal regulations, by reason of the authority of the Secretary of the Treasury to impose conditions upon the issuance of the bond and the incorporation by reference of such regulations in the bond, are part of the bond and constitute a contract between the bond purchaser and the issuer, i.e., the United States Government, and the surviving co-owner stands in the position of a third party beneficiary to such a contract."

We believe that the contract between Lester L. Flemming and the "Dividend Dreamers Investment Club" must be given the same recognition that was given to the contract between the bond purchaser and the United States Government in Horstman.

We conclude that the beneficiary became the owner of the share upon the death of the member, that his sole right was to receive payment thereof and that he is entitled to the sum which has been computed to be $2,758.91.

We note that the Supreme Court discussed the question of fraud or other inequitable conduct in connection with the issue or registration of the bond. The court concluded that, "Had fraud or inequitable conduct been shown then the proceeds of these bonds might have been impressed with a trust."

In the present case, there has been no contention of fraud; therefore, our conclusion is unaffected.

We deem it appropriate, however, to limit the conclusion here reached to the facts before the court.

We have not considered, nor do we intend hereby to make a determination of the rights of creditors of an insolvent decedent who was a member of a similar investment club at the time of his death.